C. J. ROGAN ET AL. v. ROBERT LEE BOBBITT, ATTORNEY GENERAL.

No. 5407.   Decided June 25, 1930.
(29 S. W., 2d Series, 321.)

C. F. Gibson, A. R. Rucks, A. E. Masterson, C. B. Masterson, and Follett, Evans & Hill, for relator.

New Road District No. Five was validated by Chapter 10 of the General Laws of the First Called Session of the Thirty-ninth Legislature of the State of Texas, and also by Chapter 17 of the General Laws of the Thirty-ninth Legislature, First Called Session, prior to the creation and establishment of said new Road District No. Twenty-three (23) and the purported establishment of said Consolidated Road District No. One (1) of Brazoria County, Texas. Anderson County Road District No. 8 v. Pollard, 296 S. W., 1062; Twing v. Rhodes, 16 S. W. (2d) 258.

Relators contend that a municipal corporation, such as a road or like district, can not, once having been established, be dissolved by abandonment or non-user, and in support thereof rely on the following authorities: Buford v. State, 72 Texas, 182; Badger v. Inlet Dr. Dist., 141 Ill., 540; Dillon on Municipal Corp., sec. 172, 173, 168; Elmore v. Drainage Commrs., 135 Ill., 268; Hall v. Callaway, 94 Ark., 49, 125 S. W., 1015; Kashkonong Mud Creek Drainage Dist. v. First Addition to Rattlesnake Drain Dist., 221 N. W., 865; Largen v. State, 76 Texas, 323, 13 S. W., 161; Morrilton Waterworks Imp. Dist., v. Earl, 71 Ark., 4, 69 S. W., 577, 71 S. W., 666; McKeon v. Portland, 61 Or., 358, 122 Pac., 291; McQuillin on Municipal Corporations, Sec. 301, Second Ed. Vol. 6, Sec. 2457; People ex rel. Gauen v. Wilbruegge, 91 N. E., 115 (117); People v. Wren, 4 Scam., 269; President and Trustees v. Thompson, 20 Ill., 197; People v. Town of Fairburg, 51 Ill., 149; People v. Anderson, 239 Ill., 168, 87 N. E., 917; People v. Hefler, 240 Ill., 196, 88 N. E., 491; State ex rel., v. Dunson, 71 Texas, 65, 9 S. W., 103; State ex rel. Otto v. School Dist. No. 3 of Clatsop County, 152 Pac., 221; School District v. Palmer, 41 Or., 485, 69 Pac., 453; Shoshone Highway Dist. of Lincoln County v. Anderson, 125 Pac., 219 (225); State v. Stevens, 21 Kan., 210; School Directors v. School Directors, 145 Ill., 464, 28 N. E., 49; 1 Smith on Corp., secs. 441, 479; State ex rel. Zilisch v. Auer, 221 N. W.,

860; Taylor v. Wallace, 143 Ark., 67; Wilson v. Mattix, 231 S. W., 1021.

Authorities on road districts and like districts being municipal corporations.

Art. 772, Revised Civil Statutes, 1925; Com. Ct., Madison Co., v. Wallace, 15 S. W., (2d), 535; Charlotte Harbor & N. Ry. Co., v. Welles, 260 U. S., 8; Counties, 15 C. J., 460; City of Dayton v. Board of Ed., 257 S. W., 1021; Drum v. University Place Water Dist., 258 Pac., 505; Dean v. Davis, 51 Cal., 406; Engleman v. Donna Irr. Dist., 209 S. W., 428; Fleming-Stizer Road Bldg. Co., v. Chastain, 241 S. W., 619; Gillespie v. Lightfoot, 127 S. W., 799; Jackson v. McAllister, 196 S. W., 671; Nall v. City of Elizabeth-town, (Ky.), 254 S. W., 893; Orange Co. v. Hogg, 269 S. W., 225; Paine v. Port of Seattle, 70 Wash., 294, 126 Pac., 628, 127 Pac., 580; People v. La Rue, 67 Cal., 526, 8 Pac., 84; Revised Statutes, 1925, Art. 772, Art. 772r; Roper, County Judge, v. Hall, 280 S. W., 289; Short v. Gouger, 130 S. W., 267; State v. Hughesville Special Road District No. 11, 6 S. W., (2d), 594; State v. Thompson, 285 S. W., 57; Summers v. Conway and Damascus Road Dist., 213 S. W., 775; Sutherland v. Board Ed., 254 S. W., 893; Von Rosenberg v. Lovett, 173 S. W., 508; Young v. Fiscal Court, 227 S. W., 1021; Brown Bros. v. Columbia Irrigation Dist., 82 Wash., 274, 144 Pac., 74; Bexar-Medina-Atascosa Counties, Water Irrigation Dist. No. 1 v. State, 21 S. W., (2d) 747, (749).

*Robert Lee Bobbitt,* Attorney General, *D. L. Whitehurst,* Assistant, and *C. D. Jessup,* amicus curiae cited:

Baskan v. Walchak, 202 S. W., 747; Brandenstein v. Hoke, 101 Cal., 131; Browning v. Hooper, 70 U. S., Law Ed. 330; Bush v. Delta Road Improvement District of Lee County, Ark., 216 S. W., 690; Constitution of Texas, Art. 11, Sec. 7; Munsen v. Mooney, 177 S. W., 1193; McQuillin on Corporations, 2nd Ed., Vol. 1, Sec. 135; Wharton County Drainage District No. 1 v. Higbee, 149 S. W., 381; 36 Corpus Juris, 1006, 1008; 29 Corpus Juris, 554, 555.

It appears that it was the intention of the legislature to do, what it did do, that is to validate the original road districts; and if it had been the intention of the legislature to validate alleged new Road District No. 5 it would have done so by special Act in the same manner as it validated the original road districts comprised in the territory under consideration.

Since these special Acts are in conflict with any construction of the general law that might be construed to validate alleged new Road District No. 5, the special Acts control, and supersede so much, if any, of the general law or laws as may be in conflict therewith. Therefore, if otherwise the general validating Acts might be construed to reach alleged new Road District No. 5, then such provisions of the general law are, by the well established rule of construction, repealed and superseded by the special Acts.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

The facts involved in this case are substantially as follows:

On and prior to May 12, 1924, there had been created by the Commissioners' Court of Brazoria County, Texas, Brazoria County Road Districts Nos. 5, 8, 9, 10, 23 and 24, which we hereafter designate Old Road Districts Nos. 5, 8, 9, 10, 23 and 24, and all of these districts combined had outstanding bonded indebtednesses, aggregating $423,000.00. Also on and prior to said date of May 12, 1924, there had been created Brazoria County Drainage District No. 5, with an outstanding bonded indebtedness of $202,000.00.

On said date of May 12, 1924, the Commissioners' Court of Brazoria County entered an order creating what we will designate as New Road District No. 5, in said county. This new district included the territory formerly comprising the above mentioned Old Road Districts Nos. 5, 8, 9, 10, 23 and 24, and some additional territory. Also part of said New Road District No. 5, was a part of the above drainage district. Later the bonds of New Road District No. 5, were voted in the sum of $455,000.00, $423,000.00 of which were voted for the purpose of taking up the outstanding bonds of the six old road districts, and $32,000.00 for new road construction.

About October 1, 1924, the transcript of the record and proceedings pertaining to the $455,000.00 proposed bond issue for New Road District No. 5 was presented to the then Attorney General of Texas, for approval, as required by law, but he refused to approve said transcript or bond record, because bonds of the New Road District 5, and the Drainage District No. 5, exceeded the constitutional limit of 25 per cent of the valuation of the part of the land which was comprised in both said districts. It is then shown that nothing more was done or attempted to be done with reference to New Road District No. 5, until after May 13, 1929, as will later be shown in this opinion.

With matters standing in the condition above shown, and with the Commissioners' Court at all times continuing to levy taxes in Old Road Districts Nos. 5, 8, 9, 10, 23 and 24, to meet their original bond issues, and no further effort being made to issue the bonds of New Road District No. 5, but after passage of the several road bond validating acts, general and special, of the First Called Session of the 39th Legislature, the Commissioners' Court of Brazoria County, on April 11th, 1927, established what we will designate as New Road District No. 23 of Brazoria County, composed of the territory originally comprising Old Road Districts Nos. 23 and 24, above mentioned. Also as will readily be seen New Road District No. 23, was composed of territory originally a part of New Road District No. 5. Later the bonds of New Road District No. 23, were voted in the sum of $256,000.00, part of which was to be used in retiring the outstanding bonds of the two old road districts Nos. 23 and 24, and part for new construction. These bonds have been duly issued, approved and sold, and the proceeds expended for the purposes for which they were voted and issued. It will here be noted that the bonds of New Road District No. 5, had already been voted to take up the same bonds of Old Road Districts Nos. 23 and 24.

On May 13th, 1929, the Commissioners' Court of Brazoria County entered an order constituting said Brazoria County Drainage District No. 5, without change of name a conservation and reclamation district. Thereafter the conversion of said drainage district, and the conservation and drainage district thus created were validated by Special Act of the First Called Session of the Forty First Legislature, Senate Bill No. 134. By reason of these matters, and proceedings in regard to the drainage district, the Attorney General has ruled that the constitutional provision prohibiting the bonded indebtedness exceeding 25 per cent of the taxable real property within such drainage district has been removed. Also by reason of these facts the valuation of taxable real property situated in New Road District No. 5 is sufficient to support its voted bond issue insofar as the impediment that formerly existed by reason of the bonds of the drainage district is concerned.

It is further shown that a short time after the validation of the conservation and drainage district by the Special Act of the First Called Session of the Forty First Legislature the bond record of New Road District No. 5 was brought down to date, and request again made to the Attorney General for its approval which was again denied. This suit followed to compel such approval.

From the statement we have made it is evident that all proceedings had with reference to the formation of New Road District No. 5, and the issuance of its bonds, and all proceedings had with reference to the formation of Old Road Districts Nos. 5, 8, 9, 10, 23 and 24, whose territory, in the main comprise the territory of New Road District No. 5, together with the issuance of their respective bonds, were, and are unconstitutional and void except insofar as they have been validated and rendered lawful by the several validating acts, general and special, of the First Called Session of the 39th Legislature of this State. Browning v. Hooper, 269 U. S., 396, 70 Law Ed. 330 (Archer County Case).

An examination of the several legislative acts with reference to these matters show that the above mentioned legislature, passed two General Validating Acts, which are Chapters 10 and 17, General Laws First Called Session 39th Legislature. Also the same legislature at the same called session passed special laws expressly validating each of the six original old road districts, and their bonds, whose bonded indebtednesses New Road District No. 5, voted bonds to take up. The special laws referred to are as follows:

"Act validating original Road District No. 5, Chapter 97;
"Act validating original Road District No. 8, Chapter 99;
"Act validating original Road District No. 9, Chapter 100;
"Act validating original Road District No. 10, Chapter 101;
"Act validating original Road District No. 23, Chapter 107;
"Act validating original Road District No. 24, Chapter 108; of the Local and Special laws, 39th Legislature, first called session, 1926."

It will be noted that at the time the Thirty Ninth Legislature passed the above six special acts validating Old Road Districts Nos. 5, 8, 9, 10, 23 and 24 of Brazoria County, and their respective bonds, the bonds of New Road District No. 5, had already been voted to take up and retire the very bonds of said six old districts so specially validated. Also, at the very time these six special validating acts were passed New Road District No. 5 and all proceedings theretofore had with reference to the voting and issuance of its bonds were subject to the same constitutional objections that the six old districts and their bonds were subject to, and the same necessity existed to pass a special validating act with reference thereto that existed with reference to the six old districts; yet the Legislature, notwithstanding the above facts did not validate, or attempt to validate New Road District No. 5, except insofar as such

district and its bonds might be included in the legislative intent in enacting the two General Validating Acts above mentioned. If it was necessary, by special acts, to validate the six old districts and their respective bonds, it was equally as necessary, by special act, to validate New Road District No. 5, which had been formed to take up and retire the bonds of the six old districts. In other words we think that the peculiar facts with reference to this particular road district and its voted bonds demonstrate a legislative intent not to validate New Road District No. 5, whose bonds had never been issued, approved or sold. Furthermore, we think the Attorney General had the right to presume such to have been the legislative intent, and that he acted lawfully, and not unlawfully, in refusing to approve the bonds record of New Road District No. 5. This view is further strengthened by the fact that a subsequent legislature refused to specially validate New Road District No. 5, though a bill was introduced therein for such purpose.

We do not wish to be understood as holding that all road districts and their bonds that have not been specially validated are void. What we hold is that under the peculiar facts of this particular case, it was evidently not the legislative intent to validate New Road District No. 5 of Brazoria County, Texas.

We recommend that the mandamus here sought be in all things refused.

Opinion of Commission of Appeals adopted, and mandamus refused.

C. M. Cureton, Chief Justice.