**Thor HOMME, Appellant,**

v.

**Troy Wayne VARING, Appellee.**

**No. 09–92–160 CV.**

Court of Appeals of Texas, Beaumont.

April 8, 1993.

Rehearing Denied April 26, 1993.

Karla J.M. Rogers, Vidor, for appellant.

John E. Pipkin, Strong, Pipkin, Nelson & Bissell, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

Appellant, Homme, initiated a legal proceeding for property damage to a vehicle arising out of an automobile collision. The date of the vehicular collision was on or about July 7, 1991. The defendant below was Troy Wayne Varing.

The original suit was filed in the Small Claims Court of Jefferson County on September 4, 1991. The transcript before us makes it clear that the litigation was not filed in the Justice of the Peace Court. The written instrument, that was filed in the Small Claims Court, set out in writing and in printing the name of the plaintiff and the defendant. This pleading recited the address of both parties and stated that Varing was justly indebted to Homme in the amount of $2,500 for automobile damage plus court costs; and that the amount of $2,500 plus court costs was due to the plaintiff. The pleading also alleged that there were no counter-claims existing in favor of Varing. The instrument or pleading was sworn to on September 4, 1991.

Varing was ordered and commanded to appear before the Small Claims Court to answer the suit of the plaintiff, the nature and substance of the plaintiff's demand being court costs and automobile damages.

In the Small Claims Court Varing answered by filing a general denial and stating that he was not guilty of any negligence on the occasion in question, but that Homme was guilty of certain acts, wrongs and omissions which caused the damages. Varing pleaded unavoidable accident as well as the negligence of third-persons.

TEX.GOV'T CODE ANN. § 28.012 (Vernon 1988), entitled "Institution of Action", sets out with specificity the statement of the claim that is necessary to institute an action in a Small Claims Court. The claimant-plaintiff is to appear before the judge or the clerk of the Small Claims Court and file a statement of the claim under oath. Significantly, section 28.012 sets out in detail the actual form of the instrument or pleading that is to be filed in the Small Claims Court, instituting and initiating a cause of action therein. Appellant Homme followed section 28.012 assiduously and correctly. A trial on the merits was conducted in the Small Claims Court. Appellant Homme recovered judgment for $2,138.34, together with 10 percent interest from date of the judgment.

Varing appealed to the County Court at Law. Significant and important it is to note that Varing, having had a trial on

the merits in the Small Claims Court, was aware of the details of the suit urged by Homme. Varing and his counsel were fully aware of Homme's case—even his evidence. During the pendency of the litigation in the County Court at Law, Varing filed interrogatories, requests for production, and requests for admissions which were propounded to Homme. Interestingly, Varing filed an answer which contained no special exceptions. A salient paragraph in Varing's answer was that the plaintiff's son, Eric Homme, was guilty of certain acts, wrongs and omissions which were the sole cause of any injuries and damages and were also a proximate cause of any injuries and damages.

No complaint is made by Varing that the record on appeal is either incomplete or defective. Appeals from Small Claims Court are governed and regulated by TEX. GOV'T CODE ANN. § 28.053 (Vernon 1988).

Section 28.053 provides in relevant part:

(a) The county court or county court at law shall dispose of small claims appeals with all convenient speed.

(b) Trial on appeal is de novo. *No further pleadings are required and the procedure is the same as in small claims court.* (emphasis added)

The important, operative language consists of "No further pleadings are required and the procedure is the same as in small claims court." We conclude that Homme acted properly under section 28.053. Although no further pleadings were required, Varing could have, by special exceptions, insisted upon Homme amending his pleadings or his claims setting out in greater detail the nature of his cause of action. Under the proper special exceptions practice, amended pleadings can be demanded.

Absent any leveled and urged special exceptions, Homme could properly place reliance on the unambiguous wording of section 28.053(b).

After some discovery and after preparation for trial, the case was set for a hearing on April 28, 1992. Both sides announced ready. Certain motions in limine were filed. However, *before the presentation of any evidence* the appellee herein, Varing,

moved for a directed verdict based on his contention that appellant here, Homme, had no petition on file in the cause.

Homme's written and printed claim constitutes a pleading. It is a plain and concise statement of his cause of action. TEX. R.CIV.P. 45. Even if an allegation is one of a legal conclusion, it will still suffice when fair notice is given. The appellee had fair notice because of the trial on the merits in the Small Claims Court. Homme's pleadings, adhering to the statute section 28.012, give the name and the address of each party litigant. They state the demand and claim. They set out the amount of damages. They allege the nature and origin of the damages. The claim was signed by the party plaintiff in the Small Claims Court. It petitions for a judgment in a specific money amount.

■ Concededly, the pleading is sketchy and skeletal. The remedy is for the opposing party to level and urge special exceptions. Furthermore, all pleadings and statements in the Small Claims Court shall be construed so as to do substantial justice.

Appellee, Varing, before any evidence whatsoever was presented, filed and urged upon the trial court a Motion for Directed Verdict based on the proposition that there has been no original petition filed in this case. Varing conceded however, that there was a "little handwritten J.P. petition". Appellee relied upon TEX.R.CIV.P. 574a. But this rule applies to Justice of the Peace Courts as distinguished from Small Claims Court. Furthermore, the basic thrust of Rule 574a addresses new matters that may be pleaded. Even so, Rule 574a we deem is not applicable—certainly not controlling. Even in view of Rule 574a, we conclude that the plaintiff had pleadings that were in writing as the transcript reflects. Appellee Varing conceded that Homme had a petition on file.

Query: Was the Motion for Directed Verdict the correct motion to employ before any evidence was presented? What evidence had been presented?

■ Usually a motion for directed verdict is the mechanism employed in Texas

practice to present a party's contention that there are no controverted fact issues for a jury's determination. Hence, when under the evidence produced upon a trial by jury, a party is entitled to a verdict as a matter of law, the court may and should instruct the jury as to the verdict it must return. 4 ROY W. MCDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 21.48 (rev. 1992).

Appellant's point of error number one is that the trial court erred in granting the defendant's motion for directed verdict. We agree. The judgment is reversed and the cause remanded. Having found error, in the interest of justice as an additional ground, we reverse the judgment and remand the cause of action for a full trial on the merits.

A litigant may urge a motion for directed verdict when his opponent has rested, when his opponent has closed and when all parties close. 4 ROY W. MC-DONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 21.49 (rev. 1992). A motion for directed verdict, it is perceived, anticipates a jury verdict and is not properly employed in a nonjury case. 4 ROY W. MCDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS §§ 21.48 and 21.49 (rev. 1992).

Significant is the language of section 28.-053(b) in that: "... and the procedure is the same as in small claims court." The procedure in the Small Claims Court was on the claim as required by section 28.012 which actually sets out the exact form of a statement of the claim urged by the plaintiff. Hence, until special exceptions are leveled and presented, the small claims plaintiff has a right to proceed in the county court in the same manner as he proceeded in the Small Claims Court.

REVERSED AND REMANDED.