**GALIL MOVING & STORAGE, INC., Appellant,**

v.

**Arnold McGREGOR, Appellee.**

**No. 04–96–00245–CV.**

Court of Appeals of Texas, San Antonio.

June 26, 1996.

Scott W. Stover, Minter, Joseph & Thornhill, P.C., Austin, for appellant.

Arnold McGregor, San Antonio, pro se.

Before RICKHOFF, LÓPEZ and DUNCAN, JJ.

PER CURIAM.

## DISMISSED FOR LACK OF JURISDICTION

Appellee, Arnold McGregor, obtained a $5,000 default judgment against appellant, Galil Moving & Storage, Inc. (Galil), in small claims court. Galil filed a writ of error in this court, and we dismiss the appeal for lack of jurisdiction.

The final judgment of a small claims court may be appealed to the county court or county court at law in the same manner as appeals from the justice court to the county court. TEX.GOV'T CODE ANN. § 28.052 (Vernon 1988). The final judgment from a justice court may be appealed to the county court for trial de novo either (1) directly, TEX.CIV. PRAC. & REM.CODE ANN. § 51.001 (Vernon 1986); TEX.R.CIV.P. 574b; or (2) by writ of certiorari. TEX.CIV.PRAC. & REM.CODE ANN. § 51.002 (Vernon 1986); TEX.R.CIV.P. 575 and 591. Thus, a final judgment from the small claims court may be appealed, directly or by writ of certiorari, to the county court or county court at law for trial de novo.

After trial de novo, the county court's final judgment may be appealed to the court of appeals directly or by writ of error. TEX. CIV.PRAC. & REM.ANN. § 51.012 (Vernon 1986); TEX.R.APP.P. 45; *see also Sablatura v. Ellis,* 753 S.W.2d 521, 521–22 (Tex.App.— Houston [1st Dist.] 1988, no writ). The justice court's judgment cannot be appealed by writ of error directly to the court of appeals. *Winrock Houston Assocs. Ltd. Partnership v. Bergstrom,* 879 S.W.2d 144, 151–52 (Tex. App.—Houston [14th Dist.] 1994, no writ) (noting a gap in the writ of error option).

Because Galil did not appeal to the county court, we ordered Galil to show cause why its writ of error to this court should not be dismissed for lack of jurisdiction. Galil responded that TEX.R.APP.P. 1(a) allows a statutory court, such as a small claims court, to appeal directly to the court of appeals by writ of error.

TEX.R.APP.P. 1(a) describes the scope of the rules of appellate procedure. It states, in part, that "[t]hese rules govern procedure in appeals to courts of appeals from district courts, constitutional county courts, county courts at law *and other statutory courts.*" TEX.R.APP.P. 1(a) (emphasis added). TEX. R.APP.P. 45 addresses the requirements of a writ of error.

As Galil observed, the justice courts are created by the Texas constitution. TEX. CONST. art. 5, §§ 18–19. Small claims courts are created by statute and have concurrent jurisdiction with the justice courts in actions involving $5,000 or less. TEX.GOV'T CODE ANN. §§ 28.001, 28.003(a) (Vernon 1988 & Supp.1996).[1] While the two courts have different origins, we do not find this distinction valid for jurisdictional purposes.

TEX.R.APP.P. 2(a) states that the rules of appellate procedure "shall not be construed to extend or limit the jurisdiction of the courts of appeals." Furthermore, the Government Code specifically directs that appeals from the small claims court be treated as appeals from the justice court. TEX.GOV'T CODE ANN. § 28.052(b) (Vernon 1988). We

---

1. The justices of the peace sit as judges of the small claims courts. TEX.GOV'T CODE ANN. § 28.002 (Vernon 1988).

cannot read the scope provision of TEX. R.APP.P. 1(a) as inconsistent with this directive. Thus, the judgment of a small claims court cannot be appealed by writ of error directly to the court of appeals. *See Bergstrom*, 879 S.W.2d at 151–52.

This appeal is dismissed for lack of jurisdiction.