TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-98-00379-CV

Frank D. Hendrix, Appellant

v.

Guy M. Pitre, Appellee

FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY 

NO. 5695, HONORABLE HOWARD S. WARNER II, JUDGE PRESIDING 

PER CURIAM

 Frank Hendrix seeks to appeal the trial court's judgment rendered against him in 
his suit against Guy Pitre. We will dismiss the appeal for want of jurisdiction.

 Following an adverse judgment in the small claims court of Hays County, Hendrix
appealed to the county court at law. Trial there was to the court, which signed a judgment on
December 1, 1997, in favor of Pitre. On December 29, Hendrix filed a request for findings of
fact and conclusions of law. Because Hendrix filed no motion that would have extended the
court's plenary power, it expired thirty days after the judgment was signed, on December 31. 
Tex. R. Civ. P. 329b(d), (e), (g) (motion for new trial or motion to modify extends plenary
power).

 Nevertheless, on April 14, 1998, the court signed a second judgment in the same
cause. On April 30, Hendrix filed a request for findings. He filed a notice of appeal on July 8.

 The judgment signed on December 1, resulting from a conventional trial on the
merits, was final and appealable. North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 897-98
(Tex. 1966). Assuming that Hendrix timely requested findings of fact, the deadline to appeal this
judgment was ninety days later, or March 3, 1998. Tex. R. App. P. 26.1(a)(4). The record
contains no perfecting instrument filed within this time. Further, the record does not show that
the court vacated or withdrew its December 1 judgment, leaving it without jurisdiction on April
14, 1998, to sign a second judgment. Tex. R. Civ. P. 329b(d). See State ex rel. Latty v. Owens,
907 S.W.2d 484, 485-86 (Tex. 1995). The April 14 judgment being void, the notice of appeal
filed July 8 is untimely. See Owens, 907 S.W.2d at 486. This Court lacks jurisdiction over an
untimely perfected appeal. Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978).

 We therefore dismiss the appeal for want of jurisdiction. (1) Tex. R. App. P. 42.3(a).

Before Chief Justice Aboussie, Justices Powers and Kidd

Dismissed for Want of Jurisdiction

Filed: December 17, 1998

Do Not Publish
1. Because we base our lack of jurisdiction on late perfection, we do not address whether we
lack jurisdiction over a cause that originated in the small claims court. See Tex. Gov't Code Ann.
§ 28.053(d) (West 1988) (judgment of county court at law on appeal from small claims court is
final). Compare Davis v. Covert, No. 01-96-01486-CV, slip op. at 4-5 (Tex. App.--Houston [1st
Dist.] Aug. 6, 1998, no pet. h.) (same), with Galil Moving & Storage, Inc. v. McGregor, 928
S.W.2d 172, 173 (Tex. App.--San Antonio 1996, no writ) (stating in dicta that such a judgment
can be appealed to the court of appeals).