Sheri GASKILL, Appellant,

v.

SNEAKY ENTERPRISES, INC.; Sneaky Pete's Restaurant and Club, Inc.; and Sneaky Pete's Beverage, Inc., Appellees.

No. 2–98–367–CV.

Court of Appeals of Texas, Fort Worth.

June 17, 1999.

Rehearing Overruled July 29, 1999.

Keith H. Cole, Jr., Dallas, for Appellant.

Hammerle Finley, P.C., Robert S. Morris, Denton, for Appellee.

Panel B: DAY, RICHARDS, and BRIGHAM, JJ.

## OPINION

WILLIAM BRIGHAM, Justice.

A final judgment from the small claims court may be appealed to the county court for a trial de novo. *See* TEX. GOV'T CODE ANN. § 28.053(b) (Vernon 1988). In this appeal, we are asked to decide whether we have jurisdiction over an appeal from the county court's final judgment after such a trial de novo. We hold that we do not.

Appellant Sheri Gaskill hired appellee Sneaky Pete's Restaurant to cater her wedding reception. When she was dissatisfied with the food and service, she filed a pro se suit in small claims court against Sneaky Pete's for breach of contract. About two months later, Gaskill hired a lawyer to represent her, who entered an appearance as her attorney of record. Gaskill, through her attorney, then filed an amended petition alleging violations of the Deceptive Trade Practices Act and requesting attorney's fees. The trial court dismissed Gaskill's suit because the total claim exceeded the jurisdictional limits of the small claims court. In a trial de novo in the county court, the county court granted summary judgment in favor of Sneaky Pete's because Gaskill's claim under the DTPA divested the small claims court, and derivatively the county court, of subject-matter jurisdiction. Gaskill attempts to appeal the county court's judgment.

An appeal from a small claims court judgment is to a county court in a de novo proceeding. *See id.* "Judgment of the county court or county court at law on the appeal is final." *Id.* § 28.053(d). Before 1998, the law was uniform that a judgment from a county court in a de novo appeal from the small claims court could be appealed to the court of appeals. *See Galil Moving & Storage, Inc. v. McGregor*, 928 S.W.2d 172, 173 (Tex.App.—San Antonio 1996, no writ); 31 JEREMY C. WICKER, TEXAS PRACTICE: CIVIL TRIAL & APPELLATE PROCEDURE § 401 (1985). But in 1998, the First Court of Appeals held that there is no appeal to the court of appeals from a judgment of the county court after a trial de novo appeal from the small claims court. *Davis v. Covert*, 983 S.W.2d 301, 302 (Tex.App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.) (en banc). That court reasoned that "final" means there is no further appeal. *Id.* Although the court recognized that section 51.012 of the Civil Practice and Remedies Code gives a court of appeals jurisdiction over cases in which the amount in controversy exceeds $100,[1] the court held that the specific provisions of section 28.053 control over this more general statute. *Id.* at 303.

We agree with the First Court of Appeals and hold that there can be no further appeal from a county court judgment after an appeal through a trial de novo of a small claims court judgment. The Legislature could not have been more clear when it stated that such an appeal in the county court is "final." Accordingly, we grant appellee's motion and dismiss for want of jurisdiction.

---

1. "In a civil case in which the judgment or amount in controversy exceeds $100, exclusive of interest and costs, a person may take an appeal or writ of error to the court of appeals from a final judgment of the district or county court." TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997).