David Scot Lynd v. Geico Insurance















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-135-CV

     DAVID SCOT LYND,
                                                                              Appellant
     v.

     GEICO INSURANCE,
                                                                              Appellee
 

From the County Court at Law No. 1
Dallas County, Texas
Trial Court # CC-99-11895-A
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      David Scot Lynd filed suit against Geico Insurance Company in the Small Claims Court of
Dallas County. See Tex. Gov’t Code Ann. § 28.001 (Vernon 1988). The Small Claims
Court rendered a take-nothing judgment against Lynd, and he appealed to the County Court at
Law No. 1 of Dallas County. See id. § 28.052 (Vernon 1988). The County Court at Law No.
1 signed a take-nothing judgment against Lynd on January 27, 2000.
      Lynd filed a notice of appeal with the trial court clerk on February 10. Upon review of
Lynd’s notice of appeal, we advised him by letter dated April 27 that his appeal in this Court
appears to be subject to dismissal for want of jurisdiction because the appeal of a small claims
court judgment is final in the county court at law. See Tex. Gov’t Code Ann. § 28.053(d)
(Vernon 1988); Lederman v. Rowe, 3 S.W.3d 254, 255-56 (Tex. App.—Waco 1999, no pet.);
Gaskill v. Sneaky Enters., Inc., 997 S.W.2d 296, 297 (Tex. App.—Fort Worth 1999, pet.
denied). We warned Lynd in this letter that his appeal would be dismissed unless he filed a
response within ten days thereafter demonstrating grounds for continuing his appeal.
      Lynd has filed a written response asserting only the reasons he believes the actions of the
courts below are improper. He does not cite any authorities (and our research has revealed
none) which would give us jurisdiction to hear the merits of his case. Therefore, because the
appeal of a small claims court judgment is final in the county court at law, we dismiss this
appeal for want of jurisdiction. Costs are taxed against Lynd.
                                                                         PER CURIAM
Before Chief Justice Davis
      Justice Vance and
      Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed May 24, 2000
Do not publish