**HOWELL AVIATION SERVICES,**
Appellant,

v.

**AERIAL ADS, INC., Appellee.**

No. 05–00–01039–CV.

Court of Appeals of Texas,
Dallas.

Oct. 4, 2000.

James S. Vecchio, Grand Prairie, for Appellant.

David B. Miller, Bill Coker, Dallas, for Appellee.

Before Justices JAMES, WRIGHT, and BRIDGES.

## OPINION

PER CURIAM.

In this appeal, we must decide whether this Court has jurisdiction over an appeal from the final judgment of a county court

at law following a *de novo* appeal from small claims court.[1]

Appellant Howell Aviation Services ("Howell") performed certain repairs on an airplane owned by appellee Aerial Ads, Inc. ("Aerial"). After a dispute arose concerning the quality of those repairs, Aerial brought suit in small claims court against Howell alleging negligence, negligent misrepresentation, breach of contract, and deceptive trade practices. Howell prevailed in small claims court. As permitted by statute, Aerial perfected a *de novo* appeal to a county court at law. *See* Tex.Gov't Code Ann. §§ 28.052(a), 28.053(b) (Vernon 1988). This time, a jury in the county court at law returned a verdict in favor of Aerial on its negligent misrepresentation and breach of contract claims. On April 7, 2000, the trial court signed a judgment in accordance with the verdict for $14,703.91, plus costs of court. Howell's timely motion for new trial was overruled. On July 5, 2000, Howell filed a notice of appeal seeking review of the adverse judgment by this Court.

Before the Court is Aerial's motion to dismiss this appeal, which asserts we are statutorily precluded from hearing Howell's appeal by the government code chapter dealing with small claims courts. *See* Tex.Gov't Code Ann. § 28.053(d) (Vernon 1988). Section 28.053(d) states, "Judgment of the county court or county court of law on the appeal is final." *Id.* Aerial argues that this specific legislative pro-

nouncement of finality of a small claims court appeal is clear and unambiguous.

Howell responds that we have jurisdiction over this appeal pursuant to two general statutory grants of jurisdiction: section 22.220 of the government code[2] and section 51.012 of the civil practice and remedies code.[3] In support, Howell cites *Galil Moving & Storage, Inc. v. McGregor*, 928 S.W.2d 172, 173 (Tex.App.—San Antonio 1996, no writ) (per curiam), which states that, after a trial *de novo* appeal from small claims court, the county court's final judgment "may be appealed to the court of appeals directly or by writ of error." We agree with Aerial.

As the appellant, Howell bears the initial responsibility to demonstrate our jurisdiction over its appeal. Howell's position is unsupported by any persuasive authority. For instance, in *McGregor* the legal issue presented was whether the judgment of a small claims court could be appealed by writ of error directly to a court of appeals. *McGregor*, 928 S.W.2d at 173–74 (answering negatively and dismissing appeal for lack of jurisdiction). Thus, the one sentence from *McGregor* that Howell relies on is merely *dicta*. Moreover, the sole case authority cited in *McGregor* supporting Howell's cited proposition has since been overruled. *See Davis v. Covert*, 983 S.W.2d 301, 303–04 (Tex.App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.) (en banc) (overruling *Sablatura v. Ellis*, 753 S.W.2d 521 (Tex.App.—Houston [1st Dist.] 1988, no writ)). Howell's other case authority is similarly unsupportive.[4]

---

**1.** This appeal concerns our jurisdiction over an appeal from a legislatively-created small claims court. *See* Tex.Gov't Code Ann §§ 28.001 .055 (Vernon 1988 & Supp.2000). We do not address appeals from constitutionally-created justice courts. *See id.* §§ 27.001–.059; Tex. Const. art. 5 §§ 18–19.

**2.** Section 22.220 states: "Each court of appeals has appellate jurisdiction of all civil cases within its district of which the district courts or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $100, exclusive of interest and costs." Tex.Gov't Code Ann. § 22.220(a) (Vernon 1988).

**3.** Section 51.012 states: "In a civil case in which the judgment or amount in controversy exceeds $100, exclusive of interest and costs, a person may take an appeal or writ of error to the court of appeals from a final judgment of the district or county court." Tex.Civ.Prac. & Rem.Code Ann. § 51.012 (Vernon 1997).

**4.** Howell cites two cases from the Ninth Court of Appeals in which that court asserted jurisdiction in cases similar to the one before us. *See Richard v. Taylor*, 886 S.W.2d 848 (Tex.App.—Beaumont 1994, writ denied); *Homme v. Varing*, 852 S.W.2d 74 (Tex.App.—Beaumont 1993, no writ). However, neither opinion mentions, much less discusses, the

■ Significantly, four other courts of appeals recently followed the First Court of Appeals' opinion in *Davis*, concluding they lacked jurisdiction over an appeal from a suit originating in small claims court. *See Williamson v. A–1 Elec. Auto Serv.*, 28 S.W.3d 731 (Tex.App.—Corpus Christi 2000, no pet. h.) (per curiam); *A–Rocket Moving & Storage v. Gardner*, No. 14–99–01380, slip op. at 3, 2000 WL 796058, at *1 (Tex.App.—Houston [14th Dist.] June 22, 2000, no pet. h.) (per curiam); *Lederman v. Rowe*, 3 S.W.3d 254, 256 (Tex.App.—Waco 1999, no pet.); *Gaskill v. Sneaky Enters., Inc.*, 997 S.W.2d 296, 297 (Tex.App.—Fort Worth 1999, pet. denied). Each of our sister courts that have addressed this issue agree section 28.053(d) of the government code, being the specific legislative pronouncement concerning appeals from small claims courts, prevails over the general grant of our jurisdictional authority in sections 22.220 of the government code and 51.012 of the civil practice and remedies code. *See Williamson*, 28 S.W.3d at 731-32; *Gardner*, slip op. at 2–3, 2000 WL 796058, at *1; *Lederman*, 3 S.W.3d at 256; *Gaskill*, 997 S.W.2d at 297; *Davis*, 983 S.W.2d at 303.

■ It is a fundamental rule of statutory construction that when two statutes conflict the more specific statute controls over the more general statute. *See City of Dallas v. Mitchell*, 870 S.W.2d 21, 23 (Tex. 1994); *see also* TEX.GOV'T CODE ANN. § 311.026(b) (Vernon 1998). Accordingly, we join our sister courts and hold that section 28.053(d) of the government code deprives us of jurisdiction over an appeal from the final judgment of a county court at law following a *de novo* appeal from small claims court.

■ Howell correctly states that our construction of section 28.053(d) "sweeps away" this defendant's right to appeal from an adverse jury verdict. However, our supreme court concluded long ago that under our state constitution "the principle is fixed that the Legislature has the power to limit the right of appeal." *Seale v. McCallum*, 116 Tex. 662, 667, 287 S.W. 45, 47 (1926) (orig.proceeding); *see Pitts v. State*, 918 S.W.2d 4, 4 (Tex.App.—Houston [14th Dist.] 1995, no writ) (per curiam). We agree with the First Court of Appeals that the differing appellate schemes for small claims and justice of the peace courts appear illogical. *See Davis*, 983 S.W.2d at 303 (acknowledging jurisdiction of courts of appeal over cases originating in justice of the peace courts but not in small claims court despite similarities between the jurisdictional limits, trial judges, and procedures of these two types of courts). Nevertheless, we cannot ignore the unambiguous pronouncements of our legislature. *See St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). As the First Court of Appeals cogently stated, "The legislature makes the rules, not the courts." *Davis*, 983 S.W.2d at 303.

■ Howell also argues that our reading of section 28.053(d) is implausible because, if the legislature intended no further appeals, it would have included in the statute words to that effect. Under Howell's reading, the legislature's use of the term "final" in section 28.053(d) meant merely that the decision of the county court at law "is appealable because it is final as opposed to interlocutory." In a supplemental reply brief, Howell further argues that "authority is hardly to be found [supporting] the proposition that 'final judgment' means final *and* not appealable ." These arguments are without merit. Again, in the words of the First Court of Appeals, "The word 'final' as used in section 28.053(d) needs no definition. It means that there is no further appeal beyond the county court or county court at law." *Davis*, 983 S.W.2d at 302; *see also*

impact of section 28.053(d) of the government code.

*Seale,* 287 S.W. at 47 (construing an "statute declaring that the judgment of the [district] court [in a county election contest] shall be final," and concluding there was no appeal from that judgment "made final by statute"). In the context of section 28.053, we agree with our sister courts that the word "final" means "no further appeals." *See Williamson,* 28 S.W.3d at 732; *Lederman,* 3 S.W.3d at 256; *Gaskill,* 997 S.W.2d at 297; *Davis,* 983 S.W.2d at 302.

Howell further argues, with citations to a litany of cases in its supplemental reply brief, that the right to appeal is to be liberally construed under our statutes and rules. *See, e.g., Hamilton v. Empire Gas & Fuel Co.,* 134 Tex. 377, 386, 110 S.W.2d 561, 567 (1937); *Smelcher v. Ingram,* 294 S.W.2d 180, 182 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n.r.e.). As just noted, however, we find the language of the legislature unambiguous. Thus, there is nothing for us to construe liberally in favor of Howell because the legislature has denied it a right of appeal.

Despite our holding, Howell requests us to address its contentions that the county court at law judgment is void. Howell argues that the small claims court lacked jurisdiction over this case and, because the county court at law's appellate jurisdiction is derivative, the county court at law also lacked jurisdiction. These contentions may or may not have merit. But without subject matter jurisdiction over Howell's direct appeal, we cannot address the voidness arguments in this proceeding.[5] *See Davis,* 983 S.W.2d at 303.

 Finally, Aerial requests that we sanction Howell for filing a frivolous appeal. *See* Tex.R.App.P. 45. Although we have agreed with Aerial concerning its jurisdictional arguments, this Court has not previously resolved the statutory conflict between section 28.053(d) of the government code and sections 22.220 of the government code and 51.012 of the civil practice and remedies code. Thus, we decline Aerial's request to impose sanctions. *See Gardner,* slip op. at 3, 2000 WL 796058, at *1.

We grant Aerial's motion and dismiss this appeal for lack of jurisdiction. *See* Tex.R.App.P. 42.3(a).

---

**5.** Howell is not without a legal remedy. If the county court at law judgment is void, it may be attacked collaterally. *See, e.g., Glunz*

*v. Hernandez,* 908 S.W.2d 253, 255 (Tex. App.—San Antonio 1995, writ denied).