No. 04-01-00183-CV



Salvador OROPEZA, Sr.,


Appellant



v.



Jesus VALDEZ and Laura Miravel,


Appellees



From the County Court at Law No. 2, Bexar County, Texas


Trial Court No. 259577


Honorable Shay Gebhardt, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting en banc: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: May 16, 2001


DISMISSED FOR LACK OF JURISDICTION

 Salvador Oropeza, Sr. ("Oropeza") seeks to appeal a county court at law's judgment on an
appeal from small claims court. On March 19, 2001, we ordered Oropeza to show cause why this
appeal should not be dismissed for lack of jurisdiction based on section 28.053(d) of the Texas
Government Code which states that a judgment of a county court at law on the appeal from a small
claims court is final. See Tex. Govt. Code Ann. § 28.053(d) (Vernon 1988). Oropeza responded
to our order, asserting that this court has jurisdiction based on our decision in Galil Moving &
Storage, Inc. v. McGregor, 928 S.W.2d 172, 173 (Tex. App.--San Antonio 1996, no writ).

 In Galil Moving & Storage, Inc. v. McGregor, a writ of error was filed in our court
complaining of the judgment of a small claims court, but the appellant had failed to appeal the small
claims court's judgment to the county court. Galil Moving & Storage, Inc. v. McGregor, 928
S.W.2d 172, 173 (Tex. App.--San Antonio 1996, no writ). We held that "the judgment of a small
claims court cannot be appealed by writ of error directly to the court of appeals." Id. at 174.
Although our holding in McGregor is not directly applicable to the instant case, our opinion stated,
"After trial de novo, the county court's final judgment may be appealed to the court of appeals
directly or by writ of error." Id. at 173.

 A few of our sister courts have indicated that prior to 1998, the law was uniform that a
judgment from a county court in a de novo appeal from the small claims court could be appealed to
the court of appeals. See A-Rocket Moving & Storage v. Gardner, No. 14-99-01380-CV, 2001 WL
333447, at *1 (Tex. App.-- Houston [14th Dist.] Apr. 5, 2001, orig. proceeding); Gaskill v. Sneaky
Enters., Inc., 997 S.W.2d 296, 297 (Tex. App.--Fort Worth 1999, pet. denied). However, our sister
courts have consistently held that under the current law, an appellate court is without jurisdiction to
consider such an appeal. See, e.g., Howell Aviation Services v. Aerial Ads, Inc., 29 S.W.3d 321, 323
(Tex. App.--Dallas 2000, no pet.); Williamson v. A-1 Elec. Auto Serv., 28 S.W.3d 731, 731-32 (Tex.
App.-- Corpus Christi 2000, pet. dism'd w.o.j.); A-Rocket Moving & Storage v. Gardner, No.
14-99-01380-CV, 2001 WL 333447 at *1; Lederman v. Rowe, 3 S.W.3d 254, 256 (Tex.
App.--Waco 1999, no pet.); Gaskill v. Sneaky Enters., Inc., 997 S.W.2d at 297.

 As support for our statement in McGregor, we cited Sablatura v. Ellis, 753 S.W.2d 521, 521-22 (Tex. App.--Houston [1st Dist.] 1988, no writ). Sablatura has since been overruled. See Davis
v. Covert, 983 S.W.2d 301, 303-04 (Tex. App.--Houston [1st Dist.] 1998, pet. dism'd w.o.j.). The
finding of jurisdiction in Sablatura was based on an examination of the conflict between section
28.053(d) of the Government Code, which prohibited an appeal of the county court's judgment under
these circumstances, and section 22.220 of the Government Code and section 51.012 of the Texas
Civil Practice and Remedies Code, which gave appellate courts jurisdiction over all civil cases in
which the amount in controversy or judgment exceeded $100. See Davis, 983 S.W.2d at 302-03
(examining reasoning in Sablatura). However, in Davis, the Houston court noted, "In resolving the
conflict in favor of sections 22.220(a) and 51.012, the Sablatura Court overlooked an important
principle of statutory construction: when two statutes conflict, the specific controls over the general."
983 S.W.2d at 303. As a result, the Davis court overruled the holding in Sablatura and dismissed
the appeal. Id. at 303.

 A majority of the justices of this court voted to consider this appeal en banc, and we overrule
McGregor to the extent it can be read to support jurisdiction in this court over an appeal from a
judgment of a county court on an appeal from small claims court. Because this court lacks
jurisdiction over an appeal from a judgment of a county court on an appeal from small claims court,
this appeal is dismissed for lack of jurisdiction. (1) Costs of the appeal are assessed against the
appellant.


 PHIL HARDBERGER,

 CHIEF JUSTICE

 

PUBLISH

1. This court also lacks jurisdiction to consider Oropeza's complaints that the judgment of the county court at
law is void. See Davis, 983 S.W.2d at 303 (noting other legal remedy may be available for such complaints).