**THE WOODLANDS PLUMBING CO., INC., Appellant,**

v.

**Glenna RODGERS, Appellee.**

No. 06–00–00154–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 5, 2001.

Decided May 9, 2001.

Rehearing Overruled June 5, 2001.

Lester R. Buzbee III, Humble, for appellant.

Kenna M. Seiler, Hope & Causey, PC, Conroe, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

The Woodlands Plumbing Co., Inc. sued Glenna Rodgers in small claims court to recover $717.43 for a lost check given for repairs to Rodgers' home. Rodgers filed a counterclaim alleging Deceptive Trade Practices Act violations and fraud. Woodlands obtained a judgment for $3,717.43. Rodgers appealed to the county court at law. On a trial de novo, a take-nothing judgment was entered by that court against both parties. Woodlands now appeals to this Court.

In December 1998, Rodgers contracted with Woodlands to replace a gas line in her home. After the job was completed, there was a dispute of the time spent on labor and between the actual cost versus the estimate. There was also a mathematical error in the computation of the bill. Rodgers was charged $717.43, which neither

side felt was the correct amount. Rodgers wrote a check for this amount, which was subsequently lost. Rodgers refused to submit another check, and Woodlands brought suit to recover the $717.43. Woodlands obtained a judgment in its favor in small claims court. Rodgers appealed to the county court at law, where a take-nothing judgment was entered by that court against both parties.

In this appeal, Woodlands asserts that suit was properly brought under the Uniform Commercial Code, that its pleadings were sufficient to give notice to Rodgers, that there was no evidence to support the county court at law decision that suit was not brought properly, that the evidence shows that reasonable minds could not differ that Woodlands was entitled to recover $717.43, and that Woodlands was entitled to recover reasonable and necessary attorney's fees in the amount of $6,200.00. Rodgers contests these points of error and also asserts that this Court lacks jurisdiction.

■ The appeal from a small claims court judgment is to the county court or county court at law. TEX. GOV'T CODE ANN. § 28.052(a) (Vernon 1988); accord Davis v. Covert, 983 S.W.2d 301, 302 (Tex.App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.). The court considers the appeal "de novo." TEX. GOV'T CODE ANN. § 28.053(b) (Vernon 1988); accord Williamson v. A–1 Elec. Auto Serv., 28 S.W.3d 731, 731 (Tex. App.—Corpus Christi 2000, pet. dism'd w.o.j.). The judgment by the county court or county court at law on the appeal is "final." TEX. GOV'T CODE ANN. § 28.053(d) (Vernon 1988); accord Davis, 983 S.W.2d at 302. The word "final" means that there

is no further appeal to any other court. A–Rocket Moving & Storage v. Gardner, No. 14–99–01380–CV, 2001 WL 333447, at *1 (Tex.App.—Houston [14th Dist.] April 5, 2001, no pet. h.); Howell Aviation Servs. v. Aerial Ads, Inc., 29 S.W.3d 321, 323 (Tex.App.—Dallas 2000, no pet.); Williamson, 28 S.W.3d at 731; Lederman v. Rowe, 3 S.W.3d 254, 256 (Tex.App.—Waco 1999, no pet.); Gaskill v. Sneaky Enters., Inc., 997 S.W.2d 296, 297 (Tex.App.—Fort Worth 1999, pet. denied); Davis, 983 S.W.2d at 302. When a statute is clear and unambiguous, courts need not reach for outside sources to construe it, but are to give the statute its common meaning. St. Luke's Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex.1997); see Davis, 983 S.W.2d at 302.

■ An apparent conflict exists between Section 28.053(d) of the Government Code and Sections 22.220(a) of the Government Code[1] and 51.012 of the Civil Practice and Remedies Code,[2] which give the courts of appeals jurisdiction over cases in which the amount of controversy is over $100.00. When two statutes conflict, the specific controls over the general. Accord Davis, 983 S.W.2d at 303. Thus, under Section 28.053(d) of the Government Code, the judgment of a county court or county court at law on the appeal of a judgment from a small claims court is final and not appealable to the courts of appeals, who lack jurisdiction to hear such suits. A–Rocket Moving & Storage, 2001 WL 333447, at *1; Howell Aviation Servs., 29 S.W.3d at 323; Williamson, 28 S.W.3d at 732; Lederman, 3 S.W.3d at 256; Gaskill, 997 S.W.2d at 297; Davis, 983 S.W.2d at 303.[3]

1. TEX. GOV'T CODE ANN. § 22.220(a) (Vernon 1988).

2. TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997).

3. The only case law to support the proposition that this Court would have jurisdiction to hear this appeal is unpersuasive. Howell Aviation Servs. v. Aerial Ads, Inc., 29 S.W.3d 321, 322 (Tex.App.—Dallas 2000, no pet.). In dic-

 It is the Legislature which has the power to determine the jurisdiction of the courts. *Davis,* 983 S.W.2d at 303. The Legislature has the power to limit the right of appeal. *Seale v. McCallum,* 116 Tex. 662, 287 S.W. 45, 47 (1926); *Howell Aviation Servs.,* 29 S.W.3d at 323. Accordingly, we join our sister courts in holding that Section 28.053(d) of the Government Code deprives this Court of jurisdiction over an appeal from the final judgment of a county court at law following a de novo appeal from a small claims court.

 In her motion to dismiss the appeal for lack of subject matter jurisdiction, Rodgers requests that sanctions be imposed on Woodlands for the filing of a frivolous appeal pursuant to Tex.R.App. P. 45. This Court recognizes that several other courts of appeals have previously determined that there is no jurisdiction in this type of appeal. However, this Court had not previously made such a determination. Although this Court agrees with Rodgers that it is without jurisdiction to hear this appeal, we decline to grant Rodgers' request for sanctions. *See A–Rocket Moving & Storage,* 2001 WL 333447, at *1; *Howell Aviation Servs.,* 29 S.W.3d at 324.

The appeal is dismissed for lack of jurisdiction.

ta, the San Antonio Court of Appeals has stated that it could consider a case on appeal after a de novo trial in county court that was appealed from a small claims court. *Galil Moving & Storage, Inc. v. McGregor,* 928 S.W.2d 172, 173 (Tex.App.—San Antonio 1996, no writ). The sole case authority cited in *McGregor* has since been overruled. *See Davis v. Covert,* 983 S.W.2d 301, 303–04 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.) (overruling *Sablatura v. Ellis,* 753 S.W.2d 521 (Tex.App.—Houston [1st Dist.] 1988, no writ)).