Salvador OROPEZA, Sr., Appellant,

v.

Jesus VALDEZ and Laura Miravel, Appellees.

No. 04–01–00183–CV.

Court of Appeals of Texas, San Antonio.

May 16, 2001.

Rehearing Overruled June 8, 2001.

John D. Wennermark, Wennermark & Richter, P.L.L.C., San Antonio, for appellant.

Melissa M. Saldana, Law Office of Jesse Gamez, Inc., San Antonio, for appellees.

Sitting en banc: HARDBERGER, Chief Justice, RICKHOFF, LÓPEZ, STONE, GREEN, DUNCAN, and ANGELINI, Justices.

HARDBERGER, Chief Justice.

Salvador Oropeza, Sr. ("Oropeza") seeks to appeal a county court at law's judgment on an appeal from small claims court. On March 19, 2001, we ordered Oropeza to show cause why this appeal should not be dismissed for lack of jurisdiction based on section 28.053(d) of the Texas Government Code which states that a judgment of a county court at law on the appeal from a small claims court is final. *See* Tex. Govt. Code Ann. § 28.053(d) (Vernon 1988). Oropeza responded to our order, asserting that this court has jurisdiction based on our decision in *Galil Moving & Storage, Inc. v. McGregor*, 928 S.W.2d 172 (Tex. App.—San Antonio 1996, no writ).

In *Galil Moving & Storage, Inc. v. McGregor*, a writ of error was filed in our court complaining of the judgment of a small claims court, but the appellant had failed to appeal the small claims court's judgment to the county court. *Galil Moving & Storage, Inc. v. McGregor*, 928 S.W.2d 172, 173 (Tex.App.—San Antonio 1996, no writ). We held that "the judgment of a small claims court cannot be appealed by writ of error directly to the court of appeals." *Id.* at 174. Although our holding in *McGregor* is not directly applicable to the instant case, our opinion stated, "After trial de novo, the county court's final judgment may be appealed to the court of appeals directly or by writ of error." *Id.* at 173.

A few of our sister courts have indicated that prior to 1998, the law was uniform that a judgment from a county court in a de novo appeal from the small claims court could be appealed to the court of appeals. *See A–Rocket Moving & Storage v. Gardner*, No. 14–99–01380–CV, 2001 WL 333447, at *1 (Tex.App.—Houston [14th Dist.] Apr.5, 2001, orig. proceeding); *Gaskill v. Sneaky Enters., Inc.*, 997 S.W.2d 296, 297 (Tex.App.—Fort Worth 1999, pet. denied). However, our sister courts have consistently held that under the current law, an appellate court is without jurisdiction to consider such an appeal. *See, e.g., Howell Aviation Services v. Aerial Ads, Inc.*, 29 S.W.3d 321, 323 (Tex.App.—Dallas 2000, no pet.); *Williamson v. A–1 Elec. Auto Serv.*, 28 S.W.3d 731, 731–32 (Tex. App.—Corpus Christi 2000, pet. dism'd w.o.j.); *A–Rocket Moving & Storage v. Gardner*, No. 14–99–01380–CV, 2001 WL 333447 at *1; *Lederman v. Rowe*, 3 S.W.3d 254, 256 (Tex.App.—Waco 1999, no pet.);

*Gaskill v. Sneaky Enters., Inc.*, 997 S.W.2d at 297.

As support for our statement in *McGregor*, we cited *Sablatura v. Ellis*, 753 S.W.2d 521, 521–22 (Tex.App.—Houston [1st Dist.] 1988, no writ). *Sablatura* has since been overruled. *See Davis v. Covert*, 983 S.W.2d 301, 303–04 (Tex.App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.). The finding of jurisdiction in *Sablatura* was based on an examination of the conflict between section 28.053(d) of the Government Code, which prohibited an appeal of the county court's judgment under these circumstances, and section 22.220 of the Government Code and section 51.012 of the Texas Civil Practice and Remedies Code, which gave appellate courts jurisdiction over all civil cases in which the amount in controversy or judgment exceeded $100. *See Davis*, 983 S.W.2d at 302–03 (examining reasoning in *Sablatura*). However, in *Davis*, the Houston court noted, "In resolving the conflict in favor of sections 22.220(a) and 51.012, the *Sablatura* Court overlooked an important principle of statutory construction: when two statutes conflict, the specific controls over the general." 983 S.W.2d at 303. As a result, the *Davis* court overruled the holding in *Sablatura* and dismissed the appeal. *Id.* at 303.

■■■■ A majority of the justices of this court voted to consider this appeal en banc, and we overrule *McGregor* to the extent it can be read to support jurisdiction in this court over an appeal from a judgment of a county court on an appeal from small claims court. Because this court lacks jurisdiction over an appeal from a judgment of a county court on an appeal from small claims court, this appeal is dismissed for lack of jurisdiction.[1]

1. This court also lacks jurisdiction to consider Oropeza's complaints that the judgment of the county court at law is void. *See Davis*, 983

Costs of the appeal are assessed against the appellant.

S.W.2d at 303 (noting other legal remedy may be available for such complaints).