# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00182-CV

**Associates Housing Finance, LLC, Appellant**

**v.**

**Royal Palms MFG Home & RV Comm., Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. 276,738, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Associates Housing Finance, L.L.C. ("AHF") appeals the county court at law's judgment dismissing its petition for a writ of certiorari from a judgment in favor of Royal Palms Manufactured Home & RV Community ("Royal Palms") in small claims court. AHF challenges the county court's dismissal of its application for writ of certiorari. Because this Court cannot review a county court's final order concerning an action that originated in small claims court, we dismiss AHF's appeal, *sua sponte*.

Royal Palms owns and operates a manufactured home community. AHF is the purchase money lienholder on a manufactured home bought by two individuals. The couple installed and later abandoned the home in the Royal Palms community. Royal Palms sued AHF in

small claims court seeking $1256.78 for unpaid rent on the home, additional damages of $11.62 per day until the home was removed from the community, and court costs. AHF was properly served with citation, but failed to appear and answer the petition. On January 21, 2004, the court entered a default judgment in favor of Royal Palms, awarding actual damages of $2351.12, post-judgment interest, and court costs.

The court sent its Notice of Default Judgment to AHF in Tennessee, but by the time the notice was routed to the correct person for a response, the ten-day deadline to appeal the default judgment had expired. AHF filed a petition for writ of certiorari with the Travis County Court at Law, claiming that the small claims court erred in awarding monetary, rather than in rem, relief to Royal Palms. On March 3, 2004, the county court at law denied certiorari and dismissed the case, finding that the judgment below resulted from AHF's "inexcusable neglect" in failing to contest the action in small claims court.

As a preliminary matter, this Court must determine whether it has jurisdiction to consider AHF's appeal. A court is *obliged* to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it. *University of Tex. Southwestern Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004). The majority of Texas appellate courts hold that no appeal lies from a final judgment of a county court or a county court at law following a *de novo* appeal from small claims court. *Tumlinson v. Gutierrez*, 55 S.W.3d 673, 674 (Tex. App.—Corpus Christi 2001, no pet.); *Oropeza v. Valdez*, 53 S.W.3d 410, 411-12 (Tex. App.—San Antonio 2001, no pet.); *Lederman v. Rowe*, 3 S.W.3d 254, 256 (Tex. App.—Waco 1999, no pet.); *Davis v. Covert*, 983 S.W.2d 301, 302 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.) (en banc). The

2

statutory language is clear that a judgment rendered in the county court at law is final in these types of cases.  *See* Tex. Gov't Code Ann. § 28.053 (d) (West 2004).

Because the county court has the final disposition of all matters from small claims court, the denial of AHF's writ of certiorari and dismissal of its case cannot be appealed to this Court.  Consequently, AHF's appeal is dismissed for lack of jurisdiction.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Dismissed for Want of Jurisdiction

Filed:   January 27, 2005

3