TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-04-00182-CV






Associates Housing Finance, LLC, Appellant


v.


Royal Palms MFG Home & RV Comm., Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY

NO. 276,738, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N




 Associates Housing Finance, L.L.C. ("AHF") appeals the county court at law's
judgment dismissing its petition for a writ of certiorari from a judgment in favor of Royal Palms
Manufactured Home & RV Community ("Royal Palms") in small claims court. AHF challenges the
county court's dismissal of its application for writ of certiorari. Because this Court cannot review
a county court's final order concerning an action that originated in small claims court, we dismiss
AHF's appeal, sua sponte.

 Royal Palms owns and operates a manufactured home community. AHF is the
purchase money lienholder on a manufactured home bought by two individuals. The couple 
installed and later abandoned the home in the Royal Palms community. Royal Palms sued AHF in
small claims court seeking $1256.78 for unpaid rent on the home, additional damages of $11.62 per
day until the home was removed from the community, and court costs. AHF was properly served
with citation, but failed to appear and answer the petition. On January 21, 2004, the court entered
a default judgment in favor of Royal Palms, awarding actual damages of $2351.12, post-judgment
interest, and court costs.

 The court sent its Notice of Default Judgment to AHF in Tennessee, but by the time
the notice was routed to the correct person for a response, the ten-day deadline to appeal the default
judgment had expired. AHF filed a petition for writ of certiorari with the Travis County Court at
Law, claiming that the small claims court erred in awarding monetary, rather than in rem, relief to
Royal Palms. On March 3, 2004, the county court at law denied certiorari and dismissed the case,
finding that the judgment below resulted from AHF's "inexcusable neglect" in failing to contest the
action in small claims court.

 As a preliminary matter, this Court must determine whether it has jurisdiction to
consider AHF's appeal. A court is obliged to ascertain that subject matter jurisdiction exists
regardless of whether the parties have questioned it. University of Tex. Southwestern Med. Ctr. v.
Loutzenhiser, 140 S.W.3d 351, 358 (Tex. 2004). The majority of Texas appellate courts hold that
no appeal lies from a final judgment of a county court or a county court at law following a de novo
appeal from small claims court. Tumlinson v. Gutierrez, 55 S.W.3d 673, 674 (Tex. App.--Corpus
Christi 2001, no pet.); Oropeza v. Valdez, 53 S.W.3d 410, 411-12 (Tex. App.--San Antonio 2001,
no pet.); Lederman v. Rowe, 3 S.W.3d 254, 256 (Tex. App.--Waco 1999, no pet.); Davis v. Covert,
983 S.W.2d 301, 302 (Tex. App.--Houston [1st Dist.] 1998, pet. dism'd w.o.j.) (en banc). The
statutory language is clear that a judgment rendered in the county court at law is final in these types
of cases. See Tex. Gov't Code Ann. § 28.053 (d) (West 2004). Because the county court has the final disposition of all matters from small claims
court, the denial of AHF's writ of certiorari and dismissal of its case cannot be appealed to this
Court. Consequently, AHF's appeal is dismissed for lack of jurisdiction.



 

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Dismissed for Want of Jurisdiction

Filed: January 27, 2005