NO. 07-04-0382-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 9, 2005



______________________________




PRESTON HOWARD, APPELLANT



V.



DEREK LEE NIEHAUS AND BRIAN NIEHAUS, APPELLEES




_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF GREGG COUNTY;



NO. 2004-00137-C; HONORABLE ALFONSO CHARLES, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 Appellant Preston Howard appeals a directed verdict from the County Court at Law
No. 2 ordering that he take nothing from his suit for damages from an automobile accident
with appellees Derek Lee Niehaus and Brian Niehaus. The case was originally tried in
Justice Court, Precinct 2 under its small claims jurisdiction. Following a bench trial, Howard
obtained a judgment against the Niehauses in the amount of $4,418.86. The Niehauses
subsequently appealed to the County Court at Law No. 2 where the case was tried de novo
before a jury. At the conclusion of the evidence, the Niehauses moved for directed verdict
alleging that Howard failed to present any evidence pertaining to damages. The trial court
granted the motion and rendered judgment in favor of the Niehauses, ordering that Howard
take nothing by his suit. Howard now appeals this judgment. The Niehauses assert this
Court lacks jurisdiction to consider the appeal. We agree.

 Appeal from a judgment of small claims court is to the county court or county court
at law. Tex. Gov't Code Ann. § 28.052 (Vernon 2004). The county court or county court
at law hears the appeal de novo, and judgment on appeal is final. Id. at § 28.053(b), (d). 
The word "final" means that there is no further appeal to any other court. Woodlands
Plumbing Co. v. Rodgers, 47 S.W.3d 146, 148 (Tex.App.-Texarkana 2001, pet. denied);
Davis v. Covert, 983 S.W.2d 301, 302 (Tex.App.-Houston [1st Dist.] 1998, pet. dism'd
w.o.j.). In his reply brief, Howard cites section 22.220 of the Government Code which
provides that each court of appeals has jurisdiction of "all civil cases . . . when the amount
in controversy or the judgment rendered exceeds $100 . . . ." Tex. Gov't Code § 22.220(a)
(Vernon 2004). Although this statute somewhat conflicts with section 28.053, appellate
courts have consistently held that this conflict is resolved by the rule of statutory
construction which provides that when two statutes conflict, the specific controls over the
general. See, e.g., Howell Aviation Servs. v. Aerial Ads, Inc., 29 S.W.3d 321, 323
(Tex.App.-Dallas 2000, no pet.); Gaskill v. Sneaky Enters., Inc., 997 S.W.2d 296, 297
(Tex.App.-Fort Worth 1999, pet. denied); Davis, 983 S.W.2d at 303. Therefore, we hold
that judgment of a county court at law on an appeal from small claims court is final and not
appealable to the courts of appeals. 

 Accordingly, the appeal is dismissed for want of jurisdiction.

 Don H. Reavis

 Justice