NO. 07-04-0382-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 9, 2005

_____

PRESTON HOWARD, APPELLANT

V.

DEREK LEE NIEHAUS AND BRIAN NIEHAUS, APPELLEES

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF GREGG COUNTY;

NO. 2004-00137-C; HONORABLE ALFONSO CHARLES, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Preston Howard appeals a directed verdict from the County Court at Law No. 2 ordering that he take nothing from his suit for damages from an automobile accident with appellees Derek Lee Niehaus and Brian Niehaus.  The case was originally tried in Justice Court, Precinct 2 under its small claims jurisdiction.  Following a bench trial, Howard

obtained a judgment against the Niehauses in the amount of $4,418.86. The Niehauses subsequently appealed to the County Court at Law No. 2 where the case was tried de novo before a jury. At the conclusion of the evidence, the Niehauses moved for directed verdict alleging that Howard failed to present any evidence pertaining to damages. The trial court granted the motion and rendered judgment in favor of the Niehauses, ordering that Howard take nothing by his suit. Howard now appeals this judgment. The Niehauses assert this Court lacks jurisdiction to consider the appeal. We agree.

Appeal from a judgment of small claims court is to the county court or county court at law. Tex. Gov't Code Ann. § 28.052 (Vernon 2004). The county court or county court at law hears the appeal de novo, and judgment on appeal is final. *Id.* at § 28.053(b), (d). The word "final" means that there is no further appeal to any other court. Woodlands Plumbing Co. v. Rodgers, 47 S.W.3d 146, 148 (Tex.App.–Texarkana 2001, pet. denied); Davis v. Covert, 983 S.W.2d 301, 302 (Tex.App.–Houston [1st Dist.] 1998, pet. dism'd w.o.j.). In his reply brief, Howard cites section 22.220 of the Government Code which provides that each court of appeals has jurisdiction of "all civil cases . . . when the amount in controversy or the judgment rendered exceeds $100 . . . ." Tex. Gov't Code § 22.220(a) (Vernon 2004). Although this statute somewhat conflicts with section 28.053, appellate courts have consistently held that this conflict is resolved by the rule of statutory construction which provides that when two statutes conflict, the specific controls over the general. *See, e.g.,* Howell Aviation Servs. v. Aerial Ads, Inc., 29 S.W.3d 321, 323 (Tex.App.–Dallas 2000, no pet.); Gaskill v. Sneaky Enters., Inc., 997 S.W.2d 296, 297

2

(Tex.App.–Fort Worth 1999, pet. denied); *Davis*, 983 S.W.2d at 303.  Therefore, we hold that judgment of a county court at law on an appeal from small claims court is final and not appealable to the courts of appeals.

Accordingly, the appeal is dismissed for want of jurisdiction.

Don H. Reavis
Justice

3