NUMBER
13-03-589-CV

 

                            COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

__________________________________________________________________

 

KAREN
WILLIAMSON,                                              Appellant,

 

                                           v.

 

A-1 ELECTRIC AUTO SERVICE, ET AL,                        Appellees.

__________________________________________________________________

 

                  On
appeal from the 214th District Court

                           of
Nueces County, Texas.

__________________________________________________________________

 

                     MEMORANDUM
OPINION

 

                    Before
Justices Hinojosa, Yañez, and Garza

                       Memorandum
Opinion Per Curiam

 

Appellant, Karen Williamson, pro se, attempts to appeal an August 12,
2002 order of the district court dismissing her case and granting sanctions
against her.  We vacate the district court=s order and dismiss
the appeal for want of jurisdiction.








Williamson originally initiated suit in small claims court.  The small claims court ruled against her, and
she subsequently appealed to the county court at law. The county court at law
entered a directed verdict against Williamson and she appealed to this
Court.  We held that there is no appeal
to an appellate court from a judgment of the county court or county court at
law after a de novo appeal from a small claims court.  Williamson v. A‑1 Elec. Auto Serv.,
28 S.W.3d 731, 731 (Tex. App.BCorpus Christi 2000,
pet. dism'd w.o.j.). Accordingly, we dismissed Williamson=s appeal for want of
jurisdiction.  See id. 

Williamson subsequently filed a new proceeding in the district court
below.  The district court found that all
matters in dispute between the parties had been compromised:

Adopting the rulings
of both the Thirteenth Court of Appeals and the Supreme Court of Texas
regarding this cause of action, this Court holds that this matter has been
adjudicated as a small claim to the court of final appeal. . . .

 

The
district court dismissed the cause with prejudice and enjoined Williamson from
continuing to pursue the cause against any of the named defendants.  The district 
court further ordered that Williamson be sanctioned in the amount of
$25,000, with the caveat that the court Awill not enforce the
sanction unless [Williamson] further pursues the cause of action in any manner
whatsoever.@  The instant appeal ensued.








After reviewing Williamson=s notice of appeal and
the parties= docketing statements,
the Clerk of this Court notified Williamson that the appeal might be subject to
dismissal given that it appeared that the final judgment in this matter had
already been subject to appeal.  We have
reviewed and considered Williamson=s response and the
documents on file in this appeal. 
Williamson=s response fails to
indicate or establish that the instant appeal is properly before this Court as
an appeal of a separate or distinct proceeding from that originally brought in
small claims court, appealed to the county court at law, and finally,
previously appealed to this Court.

Based on our review, we conclude that the district court lacked
jurisdiction to consider Williamson=s filings.  As we have previously held, the judgment of
the county court at law on Williamson=s appeal is
final.  See Tex. Gov't Code Ann. ' 28.053(d) (Vernon
1988).  The word Afinal@ means that there is
no further appeal to any other court.  Woodlands
Plumbing Co., Inc. v. Rodgers, 47 S.W.3d 146, 148  (Tex. App.BTexarkana 2001, pet. denied), see also
Tumlinson v. Gutierrez, 55 S.W.3d 673, 674 (Tex. AppBCorpus Christi 2001,
no pet.); Oropeza v. Valdez, 53 S.W.3d 410, 411‑12 (Tex. App.BSan Antonio 2001, no
pet.); Howell Aviation Servs. v. Aerial Ads, Inc., 29 S.W.3d 321, 323
(Tex. App.BDallas 2000, no pet.);
Williamson, 28 S.W.3d at 731. 
Williamson cannot seek to avoid the judgment of the county court at law
by simply renewing her claims in district court.  

Because the district court lacked jurisdiction to consider a further
appeal of Williamson=s case, its August 12,
2002, order is void.  See In re
Dickason, 987 S.W.2d 570, 571 (Tex. 1998) (per curiam) (holding that order
granting new trial after court's plenary power expired is void).  With regard to the district court=s award of conditional
sanctions, a court has no more power to act in sanction matters than it does
elsewhere.  Accordingly, we conclude the
entire order is void, including the award of sanctions.  See id.








We vacate the trial court=s order of August 12,
2002, and we dismiss this appeal for want of jurisdiction.  All pending motions are denied as moot.

 

PER
CURIAM

 

Memorandum Opinion
delivered and filed this the

7th day of
July, 2005.