Edward F. SABLATURA, Jr., and Richard W. Patterson, Appellants,

v.

Pat M. ELLIS, Appellee.

No. 01–87–00390–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 7, 1988.

Wallace Shaw, Freeport, for appellants.

William A. Orr, Orr & Wilder, Bay City, for appellee.

Before SAM BASS, LEVY and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a judgment non obstante veredicto entered by the county court at law following a jury verdict upon the trial de novo of a small claims controversy.

Appellants, Edward F. Sablatura, Jr., and Richard W. Patterson, filed a statement of claim in small claims court against appellee, Pat M. Ellis, alleging that he had wrongfully arrested them, causing damages in the amount of $920.94. At trial, a jury found in favor of appellee, and the justice of the peace, sitting as judge of the small claims court, entered a take-nothing judgment in his favor.

Appellants then appealed the judgment to the County Court At Law No. Two and Probate Court of Brazoria County, Texas, under the authority of Tex.Gov't Code Ann. § 28.052 (Vernon Supp.1988), which allows appeal of small claims judgments where the amount in controversy, exclusive of costs, exceeds $20. At the trial de novo, Tex.Gov't Code Ann. § 28.053(b) (Vernon Supp.1988), the jury answered special issues finding that appellee proximately caused an invasion of the privacy of appellants, and awarding damages of $550 to Patterson and $350 to Sablatura. The trial court then granted appellee's motion for judgment notwithstanding the verdict and entered a take-nothing judgment against appellants. From that judgment, appellants make this appeal.

In his first cross-point, appellee claims that the Court of Appeals has no jurisdiction to review this case. He contends that the only appeal that a party may prosecute in a case originating in the small claims court is a trial de novo in the county court or county court at law. He bases his contention on Tex.Gov't Code Ann. § 28.053(d) (Vernon Supp.1988), which provides that "[j]udgment of the county court or county court at law on the appeal is final." We disagree.

Such an interpretation is inconsistent with the grant of appellate jurisdiction to the courts of appeals in Tex.Gov't Code Ann. § 22.220 (Vernon Supp.1988), as to all civil cases of which district or county courts have jurisdiction "when the amount in controversy or the judgment rendered exceeds $100, exclusive of interest and costs," and in Tex.Civ.Prac. & Rem.Code § 51.012 (Vernon 1986), to hear appeals or writs of error from final judgments in the county court in civil cases "in which the judgment or amount in controversy exceeds $100, exclusive of interest and costs, ..." To hold that Tex.Gov't Code Ann. § 28.053(d) bars the appeal would mean that, following trial de novo, the appealability to the courts of appeals of judgments or amounts in controversy of equal value (and in excess of $100, exclusive of interest and costs) would turn on whether the plaintiff initially filed his action as a small claim proceeding or as a regular justice court suit. A plaintiff who initiates such an action may be willing to forego the right to appeal beyond trial de novo from a judgment on an amount in controversy between $100 and $1,000 (or between $100 and $2,500 in a county with a population of 400,000 or more, Tex.Gov't Code Ann. § 28.003[b]). However, a defendant in that same action should not be deprived of the right of appeal to the court of appeals simply because the plaintiff chose to designate his complaint as a small claim, to be heard under Tex.Gov't Code Ann. § 28.002 by the justice of the peace sitting as "judge of the small claims court," rather than before the same judicial officer sitting as "justice of the peace."

The finality of a judgment is a prerequisite for an appeal to the court of appeals. Tex.Civ.Prac. & Rem.Code Ann. § 51.012. The quoted language of Tex.Gov't Code Ann. § 28.053(d) speaks to the matter of finality sufficient to support an appeal; it does not purport to be a bar to the regular appellate process. The present case involves a judgment or amount in controversy in excess of $100, and is thus within the jurisdiction of this Court as set out in Tex. Prac. & Rem.Code Ann. § 51.012. We have found nothing to exempt from this Court's jurisdiction judgments involving cases instituted in the small claims court and appealed to the county court or county

court at law for trial de novo. Appellee's first cross-point is overruled.

Appellants contend in a single point of error that the county court at law hearing an appeal from a small claims court was without authority to set aside a judgment entered on a jury verdict and to render a judgment notwithstanding the verdict. They claim that because the Texas Rules of Civil Procedure do not apply in a small claims court, neither do they apply to the trial de novo in the county court at law, under Tex.Gov't Code Ann. § 28.053(b). Thus, they urge, the trial judge was prohibited from relying upon Tex.R.Civ.P. 301 to render a judgment non obstante veredicto. We find it unnecessary to address this contention. Even under the rules of procedure for small claims court, which appellants claim govern this proceeding, appellants cannot prevail.

■ Tex.Gov't Code Ann. § 28.051(a) (Vernon Supp.1988) provides that "on conclusion of the hearing [in a small claims court], the judge shall render judgment as the justice of the case requires." If "the justice of the case" requires the entry of the judgment notwithstanding the verdict, then the county court's action as the de novo trial court was proper in entering such a judgment.

Significantly, there is no statement of facts in the record before us. While Tex.R. App.P. 50(a) requires a statement of facts only "where necessary to the appeal," a statement of facts *is* necessary here because, without it, we cannot determine whether justice required the entry of a judgment notwithstanding the verdict. It is appellants' duty to bring forward a sufficient record to show error requiring reversal. Tex.R.App.P. 50(d). Appellants have failed to do this. Accordingly, their sole point of error is overruled.

In light of our ruling on appellant's point of error, we do not reach appellee's second cross-point.

The judgment is affirmed.