**Lonnie B. DAVIS, Appellant,**

v.

**Charles B. COVERT, M.D., P.A., Appellee.**

No. 01–96–01486–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 6, 1998.

Rehearing Overruled Oct. 8, 1998.

---

Lonnie B. Davis, Hemphill, for Appellants.

Thomas James Barnes, Houston, for Appellees.

Before HEDGES, NUCHIA and SMITH,[1] JJ.

## OPINION

JACKSON B. SMITH, Jr., Justice (Retired).

In this appeal, two express questions are presented to this Court: (1) which of two judgments signed by the Small Claims Court of Harris County, Precinct 5, Place 1 is the final judgment; and (2) did the County Civil Court at Law No. 2 have jurisdiction to hear the appeal. There is a third question that the parties do not raise: that of this Court's

jurisdiction to hear the appeal. We raise this question, *sua sponte,* because it is our responsibility to take cognizance of this Court's jurisdiction, or the lack thereof. *See Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 445–46 (Tex.1993); *Dallas County Appraisal Dist. v. Funds Recovery, Inc.,* 887 S.W.2d 465, 468 (Tex.App.—Dallas 1994, writ denied).

For purposes of this appeal and the question of this Court's jurisdiction, the facts are not complicated. The suit was initiated in Harris County small claims court. The final judgment rendered and signed by that court was appealed to the County Civil Court at Law No. 2 of Harris County. The county civil court at law entered its final judgment, and that judgment is now before us in this appeal.

The right granted to appeal from a small claims court judgment is "[t]o the county court or county court at law," TEX. GOV'T CODE ANN. § 28.052(a) (Vernon 1988), the judgment of which "on the appeal is final." *Id.* § 28.053(d) (Vernon 1988). The word "final" as used in section 28.053(d) needs no definition. It means that there is no further appeal beyond the county court or county court at law.[2] Courts must take unambiguous statutes as they find them. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997).

In stating that there is no appeal to the court of appeals from a judgment of the county court on an appeal from the small claims court, we are disagreeing with the opinion of this Court in *Sablatura v. Ellis,* 753 S.W.2d 521 (Tex.App.—Houston [1st Dist.] 1988, no writ), as well as with the San Antonio Court in *Galil Moving & Storage, Inc. v. McGregor,* 928 S.W.2d 172 (Tex. App.—San Antonio 1996, no writ). We said in *Sablatura:*

> [A]ppellee claims that the Court of Appeals has no jurisdiction to review this case. He contends that the only appeal that a party

---

1. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

2. *See* Bernard M. Stoller, *Small Claims Courts in Texas: Paradise Lost,* 47 TEXAS L. Rev. 448, 450 (if amount in controversy exceeds 20 dollars, losing

party may appeal to county court or county court at law; appellate court has duty to dispose of appeals speedily with trial de novo; small claims court procedure is utilized by appellate court, whose *judgment is final* ).

may prosecute in a case originating in the small claims court is a trial de novo in the county court or county court at law. He bases his contention on Tex.Gov't Code Ann. § 28.053(d) (Vernon Supp.1988), which provides that "[j]udgment of the county court or county court at law on the appeal is final." We disagree.

Such an interpretation is inconsistent with the grant of appellate jurisdiction to the courts of appeals in Tex.Gov't Code Ann. § 22.220 (Vernon Supp.1988), as to all civil cases of which district or county courts have jurisdiction "when the amount in controversy or the judgment rendered exceeds $100, exclusive of interest and costs," and in Tex.Civ.Prac. & Rem.Code § 51.012 (Vernon 1986), to hear appeals or writs of error from final judgments in the county court in civil cases "in which the judgment or amount in controversy exceeds $100, exclusive of interest and costs . . . ."

753 S.W.2d at 522.

As recognized in *Sablatura*, there is a conflict between the provisions of section 28.053(d) of the Government Code and the provisions of section 22.220(a) of the Government Code (Vernon 1988) and section 51.012 of the Civil Practice and Remedies Code (Vernon 1997). In resolving the conflict in favor of sections 22.220(a) and 51.012, the *Sablatura* Court overlooked an important principle of statutory construction: when two statutes conflict, the specific controls over the general. *City of Dallas v. Mitchell*, 870 S.W.2d 21, 23 (Tex.1994); *Graf v. Harris County*, 877 S.W.2d 82, 84 (Tex.App.—Houston [1st Dist.] 1994, writ denied); TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 1988). We now apply that principle of statutory construction, overrule our holding in *Sablatura* insofar as it relates to the appealability of a small claims court judgment, and hold that under section 28.053(d), the judgment of a county court or county court at law on the appeal of a judgment from the small claims court is final and not appealable to the court of appeals.

The *Sablatura* Court was clearly troubled by the fact that a plaintiff, who usually lacked legal training and for whose benefit the small claims courts were established, could forego his right to review in the court of appeals by choosing to file his complaint in the small claims court rather than in the justice court. We agree that it is not logical and just does not make good sense to give jurisdiction to appellate courts to hear appeals initiated in a justice of the peace court and appealed to county level courts and then to the appellate court, but deny that same right to claims initiated in small claims courts. This is particularly true since the legislature increased the amount of the upper limits of the small claims courts jurisdiction so that it is identical to that of the justice court. *Compare* TEX. GOV'T CODE ANN. § 28.003(a) (Vernon Supp.1998) (limit now $5,000; original limit $50, except $100 limit for claims for wages or salary earned or labor performed), *with* TEX. GOV'T CODE ANN. § 27.031(a)(1) (Vernon Supp.1998) (limit also $5,000).

Nonetheless, it seems clear in retrospect that the legislature meant what it said: "Judgment from a county court or county court at law on the appeal [from a small claims court] is final." TEX. GOV'T CODE ANN. § 28.053(d). The legislature makes the rules, not the courts.

Appellant requests this Court to address his contention that the small claims court judgment was void, and, therefore, the county civil court at law had no jurisdiction and its judgment was void. We respectfully decline to address these contentions because we have no jurisdiction, which precludes us from addressing these matters. These contentions may have merit, but appellant will have to look to other legal remedies to obtain the relief he seeks. *See Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985); *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881–82 (Tex.1973); *Glunz v. Hernandez*, 908 S.W.2d 253, 255–56 (Tex.App.—San Antonio 1995, writ denied).

Despite the previous holding of this Court in *Sablatura*, TEX. GOV'T CODE ANN. § 28.053(d) dictates that we dismiss this appeal for lack of jurisdiction. Being bound by the enactments of the legislature, we overrule our previous holding in *Sablatura* and dismiss the appeal.

A majority of the justices of the Court voted to consider the case en banc, and a majority of the justices of the Court voted to overrule *Sablatura v. Ellis,* 753 S.W.2d 521 (Tex.App.—Houston [1st Dist.] 1988, no writ) as set forth in the opinion above.