Pia R. LEDERMAN, Appellant,

v.

Lisa G. ROWE, Appellee.

No. 10-98-195-CV.

Court of Appeals of Texas, Waco.

Oct. 13, 1999.

Pia R. Lederman, Bethesda, pro se.

Lisa G. Rowe, West Bend, WI, pro se.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

TOM GRAY, Justice.

This action stems from a default judgment in the small claims court against Appellant Pia Lederman for damages. Lederman sought to appeal the small claims court's decision to the county court at law for a trial de novo. Pursuant to a motion to dismiss filed by Appellee Lisa Rowe, the county court at law dismissed Lederman's appeal finding it lacked jurisdiction to consider her case. After a substantial amount of other activity in the county court at law, Lederman ultimately sought to appeal various issues to this Court. We, too, must dismiss this appeal for want of jurisdiction.

According to the record before us, Rowe filed a Statement of Claim in a small claims court in Bexar County, Texas, against Lederman for damage to property. The court entered a default judgment against Lederman in the amount of $429.85. The court also denied Lederman's motion for new trial. Lederman appealed to the county court at law for a trial de novo.

The county court at law granted Rowe's motion for sanctions and also dismissed Lederman's appeal for want of jurisdiction. After Rowe submitted a statement of costs, the county court at law ordered Lederman to pay $716 in costs and $7,300 in attorney's fees to Rowe. Lederman filed a notice of appeal of the county court at law's judgment on the same day.

An appeal from a small claims court judgment is to a county court, or county court at law in a de novo proceeding. TEX. GOV'T.CODE ANN. § 28.053(a) & (b) (Vernon 1988). "The judgment of the county court or county court at law on the appeal is *final.*" *Id.* § 28.053(d) (emphasis

added). Both the First Court of Appeals in Houston and the Second Court of Appeals in Fort Worth have held that there is no appeal to the court of appeals from a judgment of the county court or county court at law after a trial de novo appeal from a small claims court. *Davis v. Covert,* 983 S.W.2d 301, 302 (Tex.App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.); *Gaskill v. Sneaky Enterprises, Inc.,* 997 S.W.2d 296, 297 (Tex.App.—Fort Worth 1999, n.p.h.). The reasoning is that the word "final" as used in Section 28.053(d) means the judgment on the trial de novo is not appealable to any other court. *Davis,* 983 S.W.2d at 303; *Id.* Any conflict with the Civil Practice and Remedies Code is resolved in favor of the specific provisions of Section 28.053 of the Government Code. *Id.* We agree with the reasoning of these courts and join them in holding that "final" means we do not have jurisdiction to review the county court at law judgment of the appeal of a suit which originated in small claims court.

■ Lederman asks us to review several decisions made by the small claims court and the county court at law, including the sanctions levied by the county court at law. We hold that we are not able to review Lederman's issues because there is no appeal from the judgment of the county court at law. Therefore, this appeal is dismissed for want of jurisdiction. Costs are taxed against Lederman.