Karen **WILLIAMSON**, Appellant,

v.

**A–1 ELECTRIC AUTO SERVICE and Mario Rodriguez d/b/a A–1 Electric, Appellees.**

No. 13–00–478–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 24, 2000.

Karen Williamson, Corpus Christi, pro se.

Gregory Gowan, William, Kasperitis & Gowan, Corpus Christi, for appellee.

Before Chief Justice SEERDEN and Justices DORSEY and RODRIGUEZ.

**O P I N I O N**

PER CURIAM.

This suit was initiated in small claims court, and was subsequently appealed to county court at law no. 5 of Nueces County. The county court at law entered a directed verdict against appellant Karen Williamson, and this appeal ensued. Because jurisdiction is fundamental, we must determine, sua sponte, whether we have jurisdiction to consider this appeal. *H.E. Butt Grocery Co. v. Bay, Inc.,* 808 S.W.2d 678, 679 (Tex.App.-Corpus Christi 1991, writ denied). For reasons herein stated, we dismiss this appeal for want of jurisdiction. According to the Texas Government Code, an appeal from a small claims court judgment is to a county court in a de novo proceeding. *See* TEX. GOV'T CODE ANN. § 28.053(b) (Vernon 1988). Further, "the judgment of the county court or county court at law on the appeal is *final.*" TEX. GOV'T CODE ANN. § 28.053(d) (Vernon 1988)(emphasis added). We join the First, Second, Tenth, and Fourteenth Courts of Appeals in holding that there is no appeal to the court of appeals from a judgment of the county court or county court at law after a de novo appeal from a small claims court. *A–Rocket Moving & Storage v. Gardner,* No. 14–99–01380–CV, —— S.W.3d ——, 2000 WL 796058, 2000 Tex.App. LEXIS 4148 (June 22, 2000); *Lederman v. Rowe,* 3 S.W.3d 254, 256 (Tex.App.-Waco

1999, no pet.); *Gaskill v. Sneaky Ent., Inc.,* 997 S.W.2d 296, 297 (Tex.App.-Fort Worth 1999, pet. denied); *Davis v. Covert,* 983 S.W.2d 301, 302–03 (Tex.App.-Houston [1 st Dist.] 1998, pet. dism'd w.o.j.)(overruling court's previous holding otherwise in *Sablatura v. Ellis,* 753 S.W.2d 521, 522 (Tex.App.-Houston [1 st Dist.] 1988, no writ)).

Under the reasoning employed by these courts, the word "final". unambiguously means that there is no further appeal beyond the county court or county court at law. *See, e.g., Davis,* 983 S.W.2d at 302. Any conflict between the provisions of section 28.053(d) of the government code and section 51.012 of the civil practice and remedies code is resolved in favor of the specific provisions of section 28.053 of the Government Code. *Id.* at 302–03. We agree with the reasoning of these courts and join them in holding that we do not have jurisdiction to review the county court at law judgment of the appeal of a suit which originated in small claims court, and decline to follow the San Antonio Court of Appeals in holding otherwise. *See Galil Moving & Storage, Inc. v. McGregor,* 928 S.W.2d 172, 173 (Tex.App.-San Antonio 1996, no writ).

Accordingly, this appeal is dismissed for want of jurisdiction.