NUMBER 13-00-478-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


KAREN WILLIAMSON
, Appellant,


v.



A-1 ELECTRIC AUTO SERVICE AND

MARIO RODRIGUEZ D/B/A A-1 ELECTRIC
, Appellees.

___________________________________________________________________


On appeal from the County Court at Law No. 5


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion Per Curiam



 This suit was initiated in small claims court, and was
subsequently appealed to county court at law no. 5 of Nueces County. 
The county court at law entered a directed verdict against appellant
Karen Williamson, and this appeal ensued. Because jurisdiction is
fundamental, we must determine, sua sponte, whether we have
jurisdiction to consider this appeal. H. E. Butt Grocery Co. v. Bay, Inc.,
808 S.W.2d 678, 679 (Tex.App.­Corpus Christi 1991, writ denied). For
reasons herein stated, we dismiss this appeal for want of jurisdiction. 
 According to the Texas Government Code, an appeal from a small
claims court judgment is to a county court in a de novo proceeding. 
See Tex. Gov't Code Ann. §28.053(b) (Vernon 1988). Further, "the
judgment of the county court or county court at law on the appeal is
final." Tex. Gov't Code Ann. §28.053(d) (Vernon 1988)(emphasis
added). We join the First, Second, Tenth, and Fourteenth Courts of
Appeals in holding that there is no appeal to the court of appeals from
a judgment of the county court or county court at law after a de novo
appeal from a small claims court. A-Rocket Moving & Storage v.
Gardner, No. 14-99-01380-CV, 2000 Tex.App. LEXIS 4148 (June 22,
2000); Lederman v. Rowe, 3 S.W.3d 254, 256 (Tex.App.­Waco 1999,
no pet.); Gaskill v. Sneaky Ent., Inc., 997 S.W.2d 296, 297
(Tex.App.­Fort Worth 1999, pet. denied); Davis v. Covert, 983 S.W.2d
301, 302-03 (Tex.App.­Houston [1st Dist.] 1998, pet. dism'd
w.o.j.)(overruling court's previous holding otherwise in Sablatura v.
Ellis, 753 S.W.2d 521, 522 (Tex.App.­Houston [1st Dist.] 1988, no writ)). 

 Under the reasoning employed by these courts, the word "final"
unambiguously means that there is no further appeal beyond the
county court or county court at law. See, e.g., Davis, 983 S.W.2d at
302. Any conflict between the provisions of section 28.053(d) of the
government code and section 51.012 of the civil practice and remedies
code is resolved in favor of the specific provisions of section 28.053 of
the Government Code. Id. at 302-03. We agree with the reasoning of
these courts and join them in holding that we do not have jurisdiction
to review the county court at law judgment of the appeal of a suit
which originated in small claims court, and decline to follow the San
Antonio Court of Appeals in holding otherwise. See Galil Moving &
Storage, inc. v. McGregor, 928 S.W.2d 172, 173 (Tex.App.­San Antonio
1996, no writ).

 Accordingly, this appeal is dismissed for want of jurisdiction. 

 PER CURIAM


Publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 24th day of August, 2000.