**Bill TUMLINSON d/b/a Tumlinson Automotive, Appellant,**

v.

**Benito GUTIERREZ, Appellee.**

**No. 13–00–670–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 2, 2001.

William Q. McManus, Victoria, for appellant.

Roberto G. Soto, Serrata & Soto, Victoria, for appellee.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

DORSEY, Justice.

This action stems from a small claims court default judgment, in the amount of $4,996.41, rendered against Bill Tumlinson,

d.b.a. Bill Tumlinson Automotive, for work that appellee claims was unsatisfactory. Tumlinson was served in this case on April 3, 2000, and subsequently failed to appear for hearing on April 17, 2000. Tumlinson filed a motion for new trial that was overruled by operation of law. He then filed for a writ of certiorari on July 11, 2000, in the County Court at Law No. 2. That court dismissed Tumlinson's action on grounds it lacked subject matter jurisdiction. The court reasoned that a writ of certiorari would not lie from a small claims judgment. The sole question presented to this Court is whether the trial court erred in dismissing Tumlinson's cause on jurisdictional grounds.

First, we consider whether this Court has jurisdiction to hear this appeal. Questions of jurisdiction are fundamental. *See H.E. Butt Grocery Co. v. Bay, Inc.,* 808 S.W.2d 678, 679 (Tex.App.—Corpus Christi 1991, writ denied). This Court, along with a majority of the courts of appeal, has held that no appeal lies from final judgment of a county court or a county court at law following a de novo appeal from small claims court. *Oropeza v. Valdez,* 53 S.W.3d 410, 411–12 (Tex.App.—San Antonio 2001, no pet.); *see Williamson v. A–1 Elec. Auto Serv.,* 28 S.W.3d 731, 732 (Tex.App.—Corpus Christi 2000, pet. dism'd w.o.j.); *Lederman v. Rowe,* 3 S.W.3d 254 (Tex.App.—Waco 1999, no pet.); see also Davis v. Covert, 983 S.W.2d 301 (Tex.App.—Houston [1st Dist] 1998, pet. dism'd w.o.j.). The statutory language is clear that a judgment rendered in the county or county court at law is *final* in these types of cases. *See* Tex. Gov't Code Ann. § 28.053(d).

The Waco Court of Appeals has held the foregoing principle precludes appeal from an order dismissing for want of jurisdiction. *See Lederman,* 3 S.W.3d at 254. We agree. No appeal lies from the county court's order dismissing an application for writ of certiorari to be directed to a justice court. Accordingly, we dismiss this appeal for want of jurisdiction.