NUMBER 13-00-670-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


BILL TUMLINSON D/B/A TUMLINSON AUTOMOTIVE , Appellant,


v.


BENITO GUTIERREZ , Appellee.

__________________________________________________________________


On appeal from the County Court at Law No. 2

of Victoria County, Texas.

__________________________________________________________________



O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey

This action stems from a small claims court default judgment, in the amount of $4,996.41, rendered against Bill Tumlinson,
d.b.a. Bill Tumlinson Automotive, for work that appellee claims was unsatisfactory. Tumlinson was served in this case on
April 3, 2000, and subsequently failed to appear for hearing on April 17, 2000. Tumlinson filed a motion for new trial that
was overruled by operation of law. He then filed for a writ of certiorari on July 11, 2000, in the County Court at Law No.
2. That court dismissed Tumlinson's action on grounds it lacked subject matter jurisdiction. The court reasoned that a writ
of certiorari would not lie from a small claims judgment. The sole question presented to this Court is whether the trial court
erred in dismissing Tumlinson's cause on jurisdictional grounds.

 First, we consider whether this Court has jurisdiction to hear this appeal. Questions of jurisdiction are fundamental. See
H.E. Butt Grocery Co. v. Bay, Inc., 808 S.W.2d 678, 679 (Tex. App.-Corpus Christi 1991, writ denied). This Court, along
with a majority of the courts of appeal, has held that no appeal lies from final judgment of a county court or a county court
at law following a de novo appeal from small claims court. Oropeza v. Valdez, 2001 Tex. App. LEXIS 3137 *3, No.
04-01-00183- CV (Tex. App.-San Antonio 2001, no pet.); see Williamson v. A-1 Elec. Auto Serv., 28 S.W.3d 731, 732
(Tex. App.-Corpus Christi 2000, pet. dism'd w.o.j.); Lederman v. Rowe, 3 S.W.3d 254 (Tex. App.-Waco 1999, no pet.); see
also Davis v. Covert, 983 S.W.2d 301 (Tex. App.-Houston [1st Dist] 1998, pet. dism'd. w.o.j.). The statutory language is
clear that a judgment rendered in the county or county court at law is final in these types of cases. See Tex. Gov't Code
Ann. § 28.053 (d). 

 The Waco Court of Appeals has held the foregoing principle precludes appeal from an order dismissing for want of
jurisdiction. See Lederman, 3 S.W.3d at 254. We agree. No appeal lies from the county court's order dismissing an
application for writ of certiorari to be directed to a justice court. Accordingly, we dismiss this appeal for want of
jurisdiction. 





______________________________

J. BONNER DORSEY,

Justice



Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 2nd day of August, 2001.