Opinion issued May 23, 2002

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00205-CV






OK JIN KIM, INDIVIDUALLY AND D/B/A ELITE AUTO SALES, Appellant


V.


RICHMOND AUTOPLEX, Appellee







On Appeal from the County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 727,047






O P I N I O N

 According to appellant's notice of appeal, filed on February 27, 2002, this is
an appeal from a judgment signed on June 19, 2001. The clerk's record was filed on
March 1, 2002.

 One of the first documents contained in the clerk's record is a "judgment for
Plaintiff following hearing before court." This document reflects that in cause
number SC52C0150974, on December 6, 1999, the appellee was awarded damages
against appellant in the Small Claims Court of Harris County, Precinct 5, Place 2. It
appears that an appeal was taken from this judgment, see Tex. Gov't Code Ann. §
28.052 (Vernon 1988), to the County Civil Court at Law No. 4. It appears that it is
the judgment of the County Civil Court at Law No. 4 following the appeal from Small
Claims Court that is appealed from here. However, in Davis v. Covert, 983 S.W.2d
301, 303 (Tex. App.-Houston [1st Dist.] 1998, pet. dism'd), this Court held that it
had no jurisdiction to review a judgment from a county court at law on the appeal
from a small claims court. See Tex. Gov't Code Ann. § 28.053(d)( (Vernon 1988).

 On April 5, 2002, this Court issued an order stating, among other things, that
unless within 30 days of the date of the order, appellant (1) requested and paid for,
and the trial court clerk filed a supplemental clerk's record containing documents that
support a conclusion that appellant has filed a timely notice of appeal from the
appropriate final judgment, and (2) filed a response, with legal authorities and
citations to the record that support the conclusion that this Court had jurisdiction of
his appeal, the appeal would be dismissed for want of jurisdiction. Tex. R. App. P.
42.3(a).

 More than 30 days has elapsed, and appellant has not responded to this Court's
order of April 5, 2002. No supplemental clerk's record has been filed.

 Accordingly, the appeal is dismissed for want of jurisdiction.

PER CURIAM

Panel consists of Justices Mirabal, Taft, and Radack.

Do not publish. Tex. R. App. P. 47.