In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00183-CV
____________

WALKER SAND, INC., Appellant

V.

BAYTOWN ASPHALT MATERIALS, LTD. and RIVERSAND PARTNERS,
L.L.C., Appellees




On Appeal from the 152nd District Court 
Harris County, Texas
Trial Court Cause No. 2001-34060



 
O P I N I O N 
          In this interlocutory appeal, Walker Sand, Inc. (“Walker”) challenges the trial
court’s order denying Walker’s request to stay proceedings to permit arbitration.


 
Because no statute specifically allows for an interlocutory appeal of such an order,
we dismiss Walker’s appeal for lack of jurisdiction.
CASE OVERVIEW
          This appeal arises from a dispute over the interpretation of a contract between
RiverSand Partners, L.L.C. (“RiverSand”) and Walker. The contract granted Walker
the right to excavate and remove sand from RiverSand’s property. The contract also
contained a clause requiring all disputes between Walker and RiverSand that arose
out of the terms, conditions, enforcement, or interpretation of the contract, to be first
submitted to non-binding mediation, and then, if mediation was unsuccessful, to
binding arbitration. 
          Baytown Asphalt Materials, Ltd. (“BAM”) also had a contract with RiverSand
that granted BAM the right to mine sand from RiverSand’s property. A dispute arose
among the parties regarding whether the RiverSand/Walker contract gave Walker the
exclusive right to mine sand from the subject property. As a result of the dispute,
BAM filed a declaratory judgment action against Walker and RiverSand in the 152nd
District Court, the Honorable Harvey Brown presiding, on July 5, 2001. BAM
requested the trial court to declare that the RiverSand/Walker contract did not grant
Walker the exclusive right to excavate and remove sand from the property. 
          Walker filed a cross-claim against RiverSand seeking to enforce the mediation
and arbitration clause in the RiverSand/Walker contract.


 In addition to the cross-claim, Walker separately filed a motion entitled “Defendant Walker Sand, Inc.’s
Request to Stay Proceedings to Permit Arbitration.” The motion did not request the
trial court to compel the parties to engage in arbitration; rather, Walker simply moved
the trial court to abate proceedings until arbitration was completed and judgment
entered on the arbitration award.
          After BAM filed suit in Judge Brown’s court, Walker filed suit against
RiverSand, but not BAM, in the 281st District Court, the Honorable Jane Bland,
presiding. RiverSand did not file an answer to Walker’s suit in Judge Bland’s court
and, as a result, Walker obtained a default judgment against RiverSand on October
25, 2001. In the default judgment, Judge Bland ordered Walker and RiverSand to
mediate any disputes that arose out of the terms, conditions, enforcement, or
interpretation of the Walker/RiverSand contract. The default judgment further
provided that, in the event the disputes were not resolved by mediation, the parties
were then required to participate in binding arbitration. 
          On January 23, 2002, Walker filed a supplemental motion to stay proceedings
in Judge Brown’s court. The supplemental motion reiterated Walker’s request to stay
proceedings until the dispute had been arbitrated, but did not request the trial court
to order arbitration. 
          On January 25, 2002, Judge Brown conducted a hearing on a motion for partial
summary judgment filed by BAM. At the hearing, Walker’s counsel requested Judge
Brown to consider Walker’s motion to stay proceedings until after arbitration had
been completed. Walker’s counsel did not request Judge Brown to sign an order
compelling arbitration. As stated above, at the time of the January 25 hearing,
Walker had already obtained a default judgment in Judge Bland’s court, which
ordered the parties to mediate, and then arbitrate the dispute.
          Following the hearing, Judge Brown signed an order denying Walker’s motion
to stay the proceedings.


 It is from the January 25 order denying Walker’s motion to
stay proceedings that Walker appeals.


 
          In two issues, Walker complains that the trial court erred in denying Walker’s
right to arbitrate and that the “order denying arbitration” was an impermissible
collateral attack on the default judgment signed by Judge Bland. 
JURISDICTION
          Although none of the parties have challenged our jurisdiction over this
interlocutory appeal, we must first address this issue before we can reach the merits
of Walker’s arguments. See Davis v. Covert, 983 S.W.2d 301, 302 (Tex.
App.—Houston [1st Dist.] 1998, pet. dism’d w.o.j.). Appellate courts must
determine, even sua sponte, the question of jurisdiction, and the lack of jurisdiction
may not be ignored simply because the parties do not raise the issue. See McCauley
v. Consol. Underwriters, 304 S.W.2d 265, 266 (Tex. 1957); Davis, 983 S.W.2d at
302. When an appellate court concludes it does not have jurisdiction, it can only
dismiss the appeal. Bethurum v. Holland, 771 S.W.2d 719, 722 (Tex.
App.—Amarillo 1989, no writ).
          The legislature determines, by statute, whether a particular type of pretrial
ruling may be appealable before a final judgment is rendered. Appellate courts have
jurisdiction to consider immediate appeals of interlocutory orders only if a statute
explicitly provides appellate jurisdiction. Stary v. DeBord, 967 S.W.2d 352, 352-53
(Tex. 1998); Eichelberger v. Hayton, 814 S.W.2d 179, 182 (Tex. App.—Houston [1st
Dist.] 1991, writ denied). A statute authorizing an appeal from an interlocutory order
is in derogation of the general rule that only final judgments are appealable; therefore,
Texas courts strictly construe those statutes authorizing interlocutory appeals. 
America Online, Inc. v. Williams, 958 S.W.2d 268, 271 (Tex. App.—Houston [14th
Dist.] 1997, no writ); Tober v. Turner of Tex., Inc., 668 S.W.2d 831, 835 (Tex.
App.—Austin 1984, no writ).
          In its brief, Walker states we have jurisdiction over this interlocutory appeal
pursuant to Texas Civil Practice and Remedies Code section 171.098, which provides
as follows:
(a)A party may appeal a judgment or decree entered under this
chapter or an order:
 
(1)denying an application to compel arbitration made
under Section 171.021;
 
                    (2)granting an application to stay arbitration made
under Section 171.023;
 
                    (3)confirming or denying confirmation of an award;
 
                    (4)modifying or correcting an award; or
 
                    (5)vacating an award without directing a rehearing.
 
(b)The appeal shall be taken in the manner and to the same extent as
an appeal from an order or judgment in a civil action.

Tex. Civ. Prac. & Rem. Code Ann. § 171.098 (Vernon Supp. 2002). Specifically,
Walker complains the January 25 order denied Walker’s contractual right to arbitrate. 
By complaining of the “order denying arbitration,” Walker has attempted to phrase
its issues to bring this appeal within the language of subsection 171.098(a)(1). 
However, it is the substance and function of the order viewed in the context of the
record that controls our interlocutory jurisdiction, not Walker’s characterization of
the order. See Markel v. World Flight, Inc., 938 S.W.2d 74, 78 (Tex. App.—San
Antonio, no writ). 
          Without elaboration, the January 25 order simply denies Walker’s “Request to
Stay Proceedings To Permit Arbitration.” Concomitantly, it follows that if Walker’s
“Request to Stay Proceedings To Permit Arbitration” is not an application to compel
arbitration, then the order is not an appealable, interlocutory order contemplated by
subsection 171.098(a)(1). Thus, we turn to the language of Walker’s “Request to
Stay Proceedings To Permit Arbitration” to determine whether the order is
appealable.
          Walker’s motion stated, in relevant part, as follows:
3.Walker Sand, Inc. has sued Riverside Partners, L.L.C. [sic] to
enforce the mediation/arbitration clause contained in the contract
between Walker Sand, Inc. and Riverside Partners, L.L.C. [sic] to obtain
a construction of the contract between them.



 
4.Walker Sand, Inc. therefore moves to stay and/or abate these
proceedings until the arbitration of the dispute [between] Walker Sand,
Inc. and Riverside Partners, L.L.C. [sic] is completed and the award is
brought forward for enforcement in this court. 

. . . .
 
. . . Walker Sand, Inc. prays that this Court stay and abate these
proceedings until such time as Walker Sand, Inc. and Riverside Partners,
L.L.C. shall have mediated and arbitrated the dispute between them and
that arbitration award is reduced to a judgment and enforced against
Riverside Partners, L.L.C. [sic].
          Reading the January 25 order in the context of the motion that it denies, the
order does not deny an “application to compel arbitration.” Rather, the only relief
denied by the order is Walker’s request for the trial court to stay or abate proceedings
until after arbitration has been completed, and judgment has been entered on the
arbitration award. 
          To the extent Walker argues that the “effect” of the order was to deny
arbitration by litigating issues that should have been arbitrated, we note that the
January 25 order does not stay, or otherwise prevent, arbitration between RiverSand
and Walker pursuant to Judge Bland’s default judgment. Cf. Hearthshire Braeswood
Plaza Ltd. P’ship v. Bill Kelly Co., 849 S.W.2d 380, 385-86 (Tex. App.—Houston
[14th Dist.] 1993, writ denied) (holding appellate court had jurisdiction pursuant to
former version of section 171.098 because trial court’s interlocutory order not only
overruled plea in abatement, but also stayed arbitration proceedings). From the
record before us, it appears Walker had the prerogative to enforce Judge Bland’s
order contained in the default judgment compelling mediation and then arbitration.
          Neither section 171.098, nor any other statute, provides for an interlocutory
appeal of an order denying a motion to stay or abate the trial court’s proceedings. See
Tex. Civ. Prac. & Rem. Code Ann. § 171.098; see also Tex. Civ. Prac. & Rem.
Code. Ann. § 51.014 (Vernon Supp. 2002) (listing types of interlocutory orders that
are appealable). Strictly construing section 171.098 as we must, we hold that the
January 25 order is not an appealable, interlocutory order. See Batton v. Green, 801
S.W.2d 923, 930 (Tex. App.—Dallas 1990, no writ) (holding order denying a plea in
abatement is not an appealable, interlocutory order under former version of
subsection 171.098(a)(1)). Consequently, we lack jurisdiction to consider Walker’s
appeal.
 

CONCLUSION
          We dismiss Walker’s appeal for lack of jurisdiction.
 
 
 
     Lee Duggan, Jr.



                                                                        Justice

Panel consists of Justices Hedges, Keyes, and Duggan.

Publish. Tex. R. App. P. 47.