Dismissed and Opinion filed April 3, 2003









Dismissed and Opinion filed April 3, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-01254-CV

____________

 

YUSUF
SULTAN D/B/A U. S. CARPET AND FLOORS, Appellant

 

V.

 

SAVIO
MATHEW, Appellee

 



 

On
Appeal from the County Civil Court at Law No. 2

Harris
County, Texas

Trial
Court Cause No. 767,190

 



 

M
E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment signed August 16,
2002.  On March 1, 2001, Savio Mathew, appellee, filed
suit against Yusuf Sultan d/b/a U.S. Carpet and
Floors, appellant.  The suit was filed in
the Small Claims Court of Precinct 5, Place 1 of Harris County.  In his petition, Mathew alleged Sultan owed
him $4,000.00 for damage caused  by
Sultan=s company when it installed a
laminated floor in Mathew=s home.  After trial,
the judge of the small claims court found in favor of Mathew and awarded him
$4,000.00, court costs, and interest.  








Dissatisfied, Sultan filed a de novo appeal in the County
Civil Court at Law No. 2. The cause was set for trial and a notice was sent to
Sultan; however, Sultan claims he never received the notice because it was
incorrectly addressed.  Specifically,
Sultan claims, the notice did not contain the d/b/a entity of AU.S. Carpet & Floors@ and used the incorrect suite
number.  Because he allegedly did not
receive notice of the trial setting, Sultan failed to appear.  On August 16, 2002, after noting Sultan=s failure to appear, the trial court
entered a final judgment in favor of Mathew and awarded him $4,485.77, court
costs, and interest.  Sultan filed a
notice of appeal in this Court.  

On December 10, 2002, notification was transmitted to all
parties of the Court=s intent to dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  Following
this Court=s granting of an extension, Sultan
filed a response on January 28, 2003; however, this Court found the response
failed to demonstrate that this Court has jurisdiction to entertain the
appeal.  Accordingly, on February 6,
2003, this Court issued an opinion dismissing appellant=s appeal for want of jurisdiction. On
February 21, 2003, appellant filed a motion for rehearing complaining that this
Court=s notice of intent to dismiss
incorrectly stated the grounds upon which the Court was considering dismissing
the appeal.  Appellant asked that we
grant the motion for rehearing, withdraw the opinion, and allow appellant an
opportunity to argue and brief the issues for which the appeal was originally
dismissed.  We found appellant=s motion meritorious.  By order dated March 13, 2003, this Court
granted appellant=s motion for rehearing and ordered (1) our opinion of
February 6, 2003, withdrawn, (2) the judgment of February 6, 2003, vacated, and
(3) the appeal reinstated.

In that same order, however, we notified the parties that on
April 1, 2003, the Court would again consider dismissal of the appeal on its
own motion for want of jurisdiction.  See
Tex. Gov=t Code Ann. ' 28.053(b) (Vernon 1988); Davis v.
Covert, 983 S.W.2d 301, 302 (Tex. App.CHouston [1st Dist.] 1998, pet. dism=d w.o.j.).  We stated the appeal would be dismissed
unless appellant filed a motion to retain on or before March 24, 2003, showing
meritorious grounds for continuing the appeal. 
On March 26, 2003, appellant filed a motion to retain.  We have reviewed the motion and again find it
fails to demonstrate that this Court has jurisdiction to entertain the
appeal.  








An appeal from a small claims court judgment is to a county
court in a de novo proceeding.  Tex. Gov=t Code Ann. ' 28.053(b) (Vernon 1988).  AJudgment of the county court or
county court at law on the appeal is final.@ 
Id. ' 28.053(d).  Before
1998, the courts uniformly held that a judgment from a county court in a de
novo appeal from a small claims court could be appealed to the court of
appeals.  See, e.g., Galil Moving & Storage, Inc. v. McGregor, 928
S.W.2d 172, 173 (Tex. App.CSan Antonio 1996, no writ). 
In 1998, however, the First Court of Appeals held there is no appeal to
the court of appeals from a judgment of the county court after a trial de novo
appeal from the small claims court.  Davis
v. Covert, 983 S.W.2d 301, 302 (Tex. App.CHouston [1st Dist.] 1998, pet. dism=d w.o.j.) (en banc).  In Davis, the court reasoned that the
term Afinal,@ as used in section 28.053(d), means
no further appeal is permitted.  Id.  Although the court recognized that section
51.012 of the Texas Civil Practice and Remedies Code gives a court of appeals
jurisdiction over cases in which the amount in controversy exceeds $100.00, the
court held the specific provisions of section 28.053(d) control over the more
general provisions of section 51.012.[1]  Id. at 303.  








The interpretation by the First Court of Appeals in Davis
has been followed by the Second, Fourth, Fifth, Sixth, Seventh, Tenth,
Thirteenth, and Fourteenth Courts of Appeals. 
See Tumlinson v. Gutierrez, 55 S.W.3d
673, 674 (Tex. App.CCorpus Christi 2001, no pet.); Oropeza
v. Valdez, 53 S.W.3d 410, 412 (Tex. App.CSan Antonio 2001, no pet.); The
Woodlands Plumbing Co., Inc. v. Rodgers, 47 S.W.3d 146, 149 (Tex. App.CTexarkana 2001, pet. denied); A-Rocket
Moving & Storage v. Gardner, No. 14-99-01380-CV, 2001 WL 333447, *1
(Tex. App.CHouston [14th Dist.] April 5, 2001,
no pet.) (not designated for publication); Howell Aviation Servs. v. Aerial Ads, Inc., 29 S.W.2d 321, 323-24 (Tex.
App.CDallas 2000, no pet.); Townsend v.
Accidental Injury Treatment Ctr., No. 07-99-0073-CV, 2000 WL 157900, *1
(Tex. App.CAmarillo February 9, 2000, no pet.)
(not designated for publication); Lederman
v. Rowe, 3 S.W.3d 254, 255 (Tex. App.CWaco 1999, no pet.); Gaskill v. Sneaky Enterps.,
Inc., 997 S.W.2d 296, 297 (Tex. App.CFort Worth 1999, pet. denied).  As in A-Rocket Moving, we agree and
hold there is no further appeal from a county court judgment after an appeal
through trial de novo of a small claims court judgment.  It is the legislature that has the power to
determine the jurisdiction of the court. 
Woodlands Plumbing, 47 S.W.3d at 149 (citing Davis, 983
S.W.2d at 303).  The legislature has the
power to limit the right of appeal.  Id.
(citing Seale v. McCallum, 116 Tex. 662, 287 S.W. 45, 47 (1926)).  The Texas Legislature could not have been
more clear when it stated that such an appeal in the county court is Afinal.@ 
Gaskill, 997 S.W.2d at 297.  

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed April 3, 2003.

Panel consists of Justices Yates,
Hudson, and Frost. 

 











[1]              Section
51.012 states:  AIn a civil case in which the judgment or amount in
controversy exceeds $100, exclusive of interest and costs, a person may take an
appeal or writ of error to the court of appeals from a final judgment of the
district or county court.@  Tex. Civ. Prac. & Rem. Code Ann.
' 51.012 (Vernon 1997).