**In re George JONES, Relator.**

**No. 01–04–00211–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 18, 2004.

Joe Silvas, Clute, TX, for Relator.

David H. Melasky, Houston, TX, for Real Party in Interest.

Panel consists of Chief Justice RADACK and Justices TAFT and HIGLEY.

## OPINION

PER CURIAM.

Relator George Jones has filed a petition for a writ of mandamus complaining of Judge Mills's rendition of a $5,000 judgment in favor of real parties in interest Nelta Balshaw and Chris Balshaw.[1] Jones's complaint is that the judgment was rendered against him personally even though the Balshaws sued him as "George Jones DBA J & J Tree Service." Jones has also filed a motion for temporary relief.

Judge Mills conducted a bench trial in the county court at law on appeal de novo from a judgment of the small claims court.[2] *See* TEX. GOV'T CODE ANN. §§ 28.052, .053(a), (b) (Vernon 2004). Jones has not attached a copy of the signed judgment of the county court at law. *See* TEX.R.APP. P. 52.3(j)(1)(A).

A court of appeals may issue a writ of mandamus, "agreeable to the principles of law regulating those writs," against a judge of a district or county court in the court of appeals district. TEX. GOV'T CODE ANN. § 22.221(b)(1) (Vernon 2004). We may grant mandamus relief to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy by appeal. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304,

1. The Honorable Jerri Mills, judge of the County Court at Law No. 1 and Probate Court of Brazoria County, Texas. The underlying lawsuit on appeal de novo is *Balshaw v. Jones*, No. 29,995–M (County Ct. No. 1 & Prob. Ct., Brazoria County, Tex.).

2. *Balshaw v. Jones*, No. SC02–0098 (Small Cl.Ct., J.P. Ct., Precinct 1, Place 1, Brazoria County, Tex.).

305 (Tex.1994); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985).

 Jones argues he has no adequate remedy by appeal of the judgment because the court of appeals has no jurisdiction to hear an appeal from the judgment of a county court or county court at law after a de novo appeal from a small claims court. *See* TEX. GOV'T CODE ANN. § 28.053(d) (Vernon 2004) ("Judgment of the county court or county court at law on the appeal is final."); *Tumlinson v. Gutierrez*, 55 S.W.3d 673, 674 (Tex.App.-Corpus Christi 2001, no pet.); *Oropeza v. Valdez*, 53 S.W.3d 410, 411–12 (Tex.App.-San Antonio 2001, no pet.); *Woodlands Plumbing Co. v. Rodgers*, 47 S.W.3d 146, 148 (Tex.App.-Texarkana 2001, pet. denied); *Howell Aviation Servs. v. Aerial Ads, Inc.*, 29 S.W.3d 321, 322–24 (Tex.App.-Dallas 2000, no pet.); *Williamson v. A–1 Elec. Auto Serv.*, 28 S.W.3d 731, 731–32 (Tex.App.-Corpus Christi 2000, pet. dism'd w.o.j.); *Lederman v. Rowe*, 3 S.W.3d 254, 255–56 (Tex.App.-Waco 1999, no pet.); *Gaskill v. Sneaky Enters., Inc.*, 997 S.W.2d 296, 297 (Tex. App.-Fort Worth 1999, pet. denied); *Davis v. Covert*, 983 S.W.2d 301, 302–03 (Tex. App.-Houston [1st Dist.] 1998, pet. dism'd w.o.j.).

While we agree that we have no jurisdiction to hear an appeal from the judgment presumably signed by Judge Mills, relator cites no authority—and we are aware of none—holding that *Walker's* no—adequate—remedy—by—appeal requirement is satisfied because the court of appeals lacks jurisdiction to hear an appeal.

*Walker*, 827 S.W.2d at 839. If we were to construe our mandamus writ power in this manner, we would effectively circumvent the legislature's restriction in Government Code section 28.053(d) of our appellate jurisdiction. *See* TEX. CONST. art. V, § 6(a) ("Said Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts ... under such restrictions and regulations as may be prescribed by law."); *see also Seale v. McCallum*, 116 Tex. 662, 287 S.W. 45, 47 (1926) ("the principle is fixed that the Legislature has the power to limit the right of appeal"). We decline to do so.[3]

We deny both the petition for a writ of mandamus and the motion for temporary relief.

---

**3.** As we said in *Davis*, we agree that it is not logical and just does not make good sense for the legislature to allow a lawsuit commenced in a justice of the peace court and appealed de novo to the county court or county court at law to be heard by the court of appeals, but not allow a lawsuit commenced in a small claims court and appealed de novo to the county court or county court at law to be heard by the court of appeals. *See Davis*, 983 S.W.2d at 303. This is, however, a situation that requires a legislative, not a judicial, solution.