Dismissed and Memorandum Opinion filed July 22, 2004









Dismissed and Memorandum Opinion filed July 22, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00345-CV

____________

 

TCHEWAM LILY
MUKWANGE, Appellant

 

V.

 

OAKS OF
BRITTANY APARTMENTS, Appellee

 



 

On Appeal from
County Court at Law 3

Harris County, Texas

Trial Court Cause No. 804,933

 



 

M E M O R A N D U M   O P I N I O N

This is a dispute between a former tenant and her landlord
regarding a security deposit, allegedly unpaid rent, and unpaid subutility
fees.  Appellant filed suit in small
claims court and received an adverse verdict, which she appealed de novo
to the county court at law.   The county
court entered final judgment in favor of appellee, and appellant appealed to
this Court.  Appellee has filed a motion
to dismiss for want of prosecution, which we grant, and a motion for sanctions,
which we deny.








An appeal from a small claims court=s judgment is to a county court or
county court at law in a de novo proceeding.  Tex.
Gov=t Code Ann. ' 28.053(b) (Vernon 2004).  AJudgment of the county court or
county court at law on appeal is final.@ 
Id. ' 28.053(d).  The word Afinal@ means that there is no further
appeal to any other court.  Woodlands
Plumbing Co., Inc. v. Rodgers, 47 S.W.3d 146, 148 (Tex. App.CTexarkana 2001, pet.
denied);  Howell Aviation Servs. v.
Aerial Ads, Inc., 29 S.W.3d 321, 323 (Tex. App.CDallas 2000, no
pet.); Williamson v. A‑1 Elec. Auto Serv., 28 S.W.3d 731, 731 (Tex. App.CCorpus Christi 2000, pet. dism=d w.o.j.);  Lederman v. Rowe, 3 S.W.3d 254, 256
(Tex. App.CWaco 1999, no pet.); Gaskill v. Sneaky
Enters., Inc., 997 S.W.2d 296, 297 (Tex. App.CFort Worth 1999,
pet. denied); Davis v. Covert, 983 S.W.2d 301, 302 (Tex. App.CHouston [1st Dist.] 1998, pet. dism=d w.o.j.).  We agree that appellant=s court of last
resort was the county court at law.  We
do not have jurisdiction to consider appellant=s appeal. 

Appellee has also sought sanctions,
contending that appellant=s pro se appeal is frivolous.  AGenerally, a court
should only impose sanctions in the most egregious circumstances.@  Brown v. Brown, No.  14-03-00978-CV, 2004 WL 1263949, at *1 (Tex. App.CHouston [14th Dist.] June 10, 2004, no
pet.).  We look at the record from the
viewpoint of the advocate and decide whether she had reasonable grounds to
believe the case could be reversed.  Smith
v. Brown, 51 S.W.3d 376, 381 (Tex. App.CHouston [1st Dist.] 2001, pet. denied).  We have reviewed the record and carefully
considered appellee=s request and appellant=s response;
nevertheless, we decline to impose sanctions.

Accordingly, the appeal is ordered
dismissed for want of jurisdiction

 

PER CURIAM

 

Judgment
rendered and Memorandum Opinion filed July 22, 2004.

Panel consists
of Justices Yates, Anderson, and Hudson.