Opinion issued January 6, 2005.













 

In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-01056-CV
 ___________
 
LUCILLE R. KELLEY, Appellant
 
V.
 
LAND ROVER HOUSTON, Appellee
 

 
 
On Appeal from County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 785,396
 

 
 
MEMORANDUM OPINION
          Appellee, Land Rover Houston, filed a motion to dismiss the appeal filed by
appellant, Lucille R. Kelley. The motion contends that this Court lacks jurisdiction
to consider this appeal. We agree. 
          For purposes of this appeal and the question of this Court’s jurisdiction, the
facts are not complicated. The suit was initiated in Harris County small claims court. 
The final judgment rendered and signed by that court was appealed to the County
Civil Court at Law No. 2 of Harris County. The county civil court at law entered its
final judgment, and that judgment is now before us in this appeal.
          The right granted to appeal from a small claims court judgment is “[t]o the
county court or county court at law,” Tex. Gov’t Code Ann. § 28.052(a) (Vernon
1988), the judgment of which “on the appeal is final.” Id. § 28.053(d) (Vernon 1988). 
The word “final” as used in section 28.053(d) needs no definition. It means that there
is no further appeal beyond the county court or county court at law. Davis v. Covert,
983 S.W.2d 301, 302 (Tex. App.—Houston [1st Dist.] 1998, pet. dism’d w.o.j.) 
Courts must take unambiguous statutes as they find them. St. Luke’s Episcopal Hosp.
v. Agbor, 952 S.W.2d 503, 505 (Tex.1997).
 

Conclusion
          We dismiss the appeal for want of jurisdiction. Any outstanding motions are
denied as moot.

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Higley.