Opinion issued August 4, 2005








     






In The
Court of Appeals
For The
First District of Texas




NO. 01–04–01055–CV




LAMBERT ADUMEKWE, Appellant

V.

FARB REALTY, LTD., Appellee




On Appeal from County Civil Court at Law No. 1 
Harris County, Texas
Trial Court Cause No. 820104




MEMORANDUM OPINION

          Pro se appellant, Lambert Adumekwe, sued appellee, Farb Realty, Ltd.
(“Farb”), in small claims court for damages and a form of injunctive relief. Farb
counter-claimed, seeking damages and attorney’s fees from Adumekwe. The small
claims court entered judgment in favor of Farb. Adumekwe appealed to county court. 
Following a trial de novo, the county court judge signed a judgment in favor of Farb.


 
          In this appeal, Adumekwe challenges the county court’s judgment. We first
must determine whether this Court has jurisdiction to hear this appeal. We raise this
question, sua sponte, because it is our responsibility to take cognizance of this
Court’s jurisdiction, or the lack thereof. Davis v. Covert, 983 S.W.2d 301, 302 (Tex.
App.—Houston [1st Dist.] 1998, pet. dism’d w.o.j.).
          This and other appellate courts have held that a court of appeals has no
jurisdiction to hear an appeal from the judgment of a county court or county court at
law after a de novo appeal from a small claims court. Davis, 983 S.W.2d at 302–03;
see also Tumlinson v. Gutierrez, 55 S.W.3d 673, 674 (Tex. App.—Corpus Christi
2001, no pet.); Oropeza v. Valdez, 53 S.W.3d 410, 411–12 (Tex. App.—San Antonio
2001, no pet.); Woodlands Plumbing Co. v. Rodgers, 47 S.W.3d 146, 148–49 (Tex.
App.—Texarkana 2001, pet. denied); Howell Aviation Servs. v. Aerial Ads, Inc., 29
S.W.3d 321, 322–24 (Tex. App.—Dallas 2000, no pet.). The statutory language of
Texas Government Code section 28.053(d) is clear: a judgment rendered in the
county court or county court at law is final in these types of cases. Tex. Gov’t Code
Ann. § 28.053(d) (Vernon 2004). As we recognized in Davis, the word “final” means
there is no further appeal. Davis, 983 S.W.2d at 302. Because we have no appellate
jurisdiction, we dismiss this appeal.


 





                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Taft, Alcala, and Higley.