Dismissed and Memorandum Opinion filed September 29, 2005









Dismissed and Memorandum Opinion filed September 29,
2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00569-CV

 

______________________

 

HOWARD KIM, Appellant

 

V.

 

TOK BONG YI, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 800,210

 



 

M E M O R A N D U M   O P I N I O N

This appeal stems from a case initially
filed in Harris County Small Claims Court, Precinct 5, Position 2, as cause
number SC52C0177833.  The small claims
court entered summary judgment against Appellant, Howard Kim, and denied his
request for a new trial.  Subsequently,
he appealed to Harris County Civil Court at Law No. 1, which also entered
summary judgment against him.  In two
points of error, Kim now seeks a reversal of the county court=s decision.  However, we must dismiss his appeal for lack
jurisdiction.[1]








The judgment of a small claims court is
appealable to a county court or county court at law.  Tex.
Gov=t Code Ann. ' 28.052(a) (Vernon 2004).  The county court is to treat the case as a de novo
appeal.  Id. ' 28.053(b).  However, A[j]udgment of the
county court or county court at law on the appeal is final.@  Id. ' 28.053(d)
(emphasis added); see also Lederman v. Rowe, 3 S.W.3d 254, 256 (Tex.
App.CWaco 1999, no
pet.) (AThere is no appeal
to the court of appeals from a judgment of the county court or county court at
law after a trial de novo appeal from a small claims court.@); Davis v.
Covert, 983 S.W.2d 301, 302 (Tex. App.CHouston [1st
Dist.] 1998, pet. dism=d w.o.j.) (A[T]here is no
appeal to the court of appeals from a judgment of the county court on an appeal
from the small claims court.@).  As the First Court of Appeals explained in Davis,
A[t]he word >final= as used in
section 28.053(d) needs no definition. 
It means that there is no further appeal beyond the county court or
county court at law.@ 
983 S.W.2d at 302 (emphasis added).[2]  In this case, the county court was reviewing
the decision of the small claims court on appeal.  Therefore, the county court=s disposition was
final, and we are without jurisdiction to entertain appellant=s appeal.

Accordingly, we dismiss the appeal for
want of jurisdiction.

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed September 29, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  Although
neither party addressed this issue, it is our responsibility to raise the issue
sua sponte, particularly when our jurisdiction is lacking.  See Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444B45 (Tex. 1993).





[2]  See also Tumlinson v. Gutierrez, 55 S.W.3d 673, 674 (Tex. App.CCorpus Christi 2001, no pet.) (A[T]he majority of courts of appeal,
[have] held that no appeal lies from a final judgment of a county court or
county court at law following a de novo appeal from small claims court.@); Oropeza v. Valdez, 53
S.W.3d 410, 411B12 (Tex. App.CSan Antonio 2001, no pet.) (A[A]n appellate court is without
jurisdiction to consider such an appeal.@); The Woodlands Plumbing Co. v. Rodgers, 47 S.W.3d
146, 149 (Tex. App.CTexarkana 2001, pet. denied) (A[W]e join our sister courts in
holding that Section 28.053(d) of the Government Code deprives this Court of
jurisdiction over an appeal from the final judgment of a county court at law
following a de novo appeal from a small claims court.@).