Opinion issued July 3, 2008









 

 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00922-CV






ROGHIYEH DADI, Appellant


V.


ATLAS REHAB GROUP, INC., Appellee






On Appeal from County Civil Court at Law No. 3

Harris County, Texas

County Court at Law Cause No. 858739






MEMORANDUM OPINION

 Appellant, Roghiyeh Dadi, appeals from the county court at law's judgment in
favor of appellee, Atlas Rehab Group, Inc. (Atlas). The judgment awarded Atlas
$3,976.94 for unpaid medical services and attorney's fees plus interest. First, Dadi
contends that this Court has jurisdiction over the claim. In six other issues, Dadi
asserts that the county court at law erred by entering judgment in favor of Atlas.

 We conclude that a judgment of a county court or county court at law on the
appeal of a judgment from a small claims court is final and not appealable to a court
of appeals. We dismiss the appeal for lack of jurisdiction.

Background On October 4, 2004, Dadi was involved in an automobile accident. During
November, Dadi went to Atlas due to injuries that she sustained in the accident. She
continued treatment with Atlas until January of 2005. Dadi asserts that she stopped
treatment at this time because her condition worsened. Atlas sued Dadi in small
claims court to recover $2,176.94 for unpaid medical services. Dadi filed a
counterclaim alleging malpractice and fraud, seeking $5,000. The small claims court
awarded Atlas $2,176.94 plus court costs and interest.

 Dadi filed an appeal for a de novo trial to the Harris County Civil Court at Law
Number 3. At the county court at law, Dadi again counterclaimed for malpractice and
fraud, seeking $30,000. The county court at law entered its final judgment, ordering
Dadi to pay Atlas the sum of $2,176.94 plus interest and $1,800 in attorney's fees. 
Dadi filed a notice of appeal seeking review of the adverse judgment by the county
court at law.

Jurisdiction

 Dadi asserts that this Court has jurisdiction to consider the appeal. An appeal
from a small claims court final judgment is to the county court or county court at law. 
Tex. Gov't Code Ann. § 28.052(a) (Vernon Supp. 2007). The county court or
county court at law hears the appeal de novo, and judgment on the appeal is final. Id.
at § 28.053(b), (d) (Vernon 2004). The word "final" as used in section 28.053(d)
means that there is no further appeal to any other court. Sultan v. Mathew, 178
S.W.3d 747, 749-50 (Tex. 2005); Davis v. Covert, 983 S.W.2d 301, 302 (Tex.
App.--Houston [1st Dist.] 1998, pet. dism'd w.o.j.) (en banc).

 Here, Dadi is appealing a final judgment from a county court at law on an
appeal from a judgment from a small claims court. We hold that courts of appeals do
not have jurisdiction over judgments of county courts or county courts at law
following a de novo appeal from small claims court.

 We dismiss this appeal for lack of jurisdiction.




Conclusion

 We dismiss this appeal for lack of jurisdiction. For this reason, we need
not address appellant's issues. All pending motions are dismissed as moot.


 

 Elsa Alcala

 Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.